## CLEMENS OSKAMP ET AL. V. JAMES GADSDEN.

[FILED JUNE 11, 1892.]

Evidence: CONTRACT BY TELEPHONE: MESSAGE REPEATED BY
OPERATOR. Defendant called at the public telephone station at
Schuyler and asked the operator to request plaintiffs to step
to the telephone in their place of business in Omaha as he
desired to converse with them. H., one of the plaintiffs, an-
swered the call, but owing to the conditions of the atmosphere
the parties were unable to communicate directly with each
other. The telephone operator at Fremont, an intermediate
station, proposed to·and did transmit defendant's message to·
plaintiff offering to sell them a quantity of hay, and he also re-
peated to the defendant their answer accepting the proposition.
In an action for a breach of the contract it was *held*, that the
conversation was admissible in evidence, and that it was compe-
tent for the defendant to state the contents of plaintiffs' answer
to his message as repeated by the operator at Fremont at the
time it came over the wire.

ERROR to the district court for Douglas county. Tried
below before CLARKSON, J.

*Isaac Adams,* for plaintiffs in error:

Gadsden's testimony is irrelevant, and hearsay or deriva-
tive. (Stevens, Dig. of Ev., art. 62.) To hold Gadsden's
testimony competent is contrary to public policy, for the
following reasons:

(*a.*) Since it was repetition of the language of another,
that language might not have been correctly repeated, either
through original misapprehension, subsequent failure of
memory, or willful misrepresentation.

(*b.*) The statements testified to were made by a person
who was neither under the obligations of an oath, nor
subject to cross-examination respecting accuracy or ve-
racity.

(*c.*) It would be to introduce a new and distinct excep-

tion to the doctrine excluding hearsay evidence from judicial investigations, and one based upon a different foundation from the established exceptions to this doctrine. The operator at Fremont was not the plaintiff's agent. The principle to be applied here is the same as in case of a message transmitted by telegraph, where the original, as against the sender, and the one by which the sender is bound, is the message as received. (*Ayer v. W. U. Tel. Co.*, 79 Me., 493; *Tel. Co. v. Shotter*, 71 Ga., 760; *Durkee v. R. Co.*, 29 Vt., 137; *Saveland v. Green*, 40 Wis., 431; *Morgan v. People*, 59 Ill., 58; *Howley v. Whipple*, 48 N. H., 488.) The ruling now complained of goes farther than *Sullivan v. Kuykendall*, 82 Ky., 483, in that it permits testimony of what Gadsden said to the operator when Gadsden was not in a situation to know whether the operator repeated his message as given or not.

*Richmond & Legge, contra:*

The testimony of Gadsden is the best evidence, and is admissible on the grounds of agency. There are stronger reasons for holding the operator at Fremont the agent of both parties than in the case of *Sullivan v. Kuykendall*, 82 Ky., 483, for in that case the operator was at the station at one end of the line, and in the case at bar the operator repeating the message was at an intermediate point and acted as interpreter for both parties. Viewing the operator at Fremont as the agent of defendant Gadsden, it is clear that she was his agent to repeat to plaintiff only the message which he delivered to her, and that he would not be bound by any message which she, as the employe of the telephone company, saw fit to deliver. (Gray, Telegraphs, sec. 105.)

NORVAL, J.

Plaintiffs in error brought suit in the court below to recover damages for the alleged breach of contract by the de-

fendant in his refusing to deliver a quantity of hay claimed to have been purchased by them from him. The jury returned a verdict for defendant, upon which judgment was entered.

In 1888 plaintiffs were engaged in the city of Omaha in the flour, feed, grain, and hay business. Defendant resided at Schuyler, and had about 150 tons of baled hay which he desired to sell. Prior to the middle of April of that year plaintiffs and defendant had some correspondence about the purchase and sale of this hay, but no contract was entered into at that time. On May 1, 1888, defendant sent the following letter to plaintiffs:

" *Oskamp, Haines & Co., Omaha, Neb.*—GENTLEMEN: What is your price for pressed hay now? Mine is still for sale if I can get as much as others are getting. I would rather close out the entire amount at once if I can find a customer, and will give the use of my barn till July 14th if buyer wants to speculate. There is scarcely any hay left here. Some on the prairie will not be hauled this season on account of bottoms being covered with water.

"Yours truly,            JAMES GADSDEN."

In answer to the above plaintiffs wrote defendant as follows:

"OMAHA, May 2, 1888.

*Mr. James Gadsden, Schuyler, Neb.*—DEAR SIR: Answering yours of the 1st. The market seems to be glutted now with hay. Have bought some at $7.75 on track since we bought that of yours. If you want to sell now and mean business, we will give you $8.25 per ton on track here, if it is all like the cars we had, but we do not leave this offer open longer than Saturday, but we prefer acceptance by wire, as we are figuring upon 800 tons at a trifle better price. Sample car now coming, and if we get that all, have got to crowd the market here. Have about 140 tons bought now, and would not want yours at any price with that large lot.

"We would not take the risks of your barn an hour, and you could ship it all as fast as you pleased, having storage for 500 tons. Our full storage capacity here is 1,000 tons. Now, about weights, you can have any one weigh it here after testing our track scale, or we will pay you by the bale.        OSKAMP & HAINES."

On May 4 defendant called at the telephone office in Schuyler and requested the operator to call up plaintiffs, as he desired to talk to them. Plaintiffs have a telephone in their office and Mr. Haines, one of the firm, answered the call, but owing to the condition of the atmosphere the line was not working well, so that the parties were unable to communicate directly with each other. The telephone operator at Fremont, an intermediate station between Omaha and Schuyler, proposed to, and did, transmit defendant's message to plaintiffs and repeated their answer to the defendant. The entire conversation was carried on through the assistance of the operator at Fremont, she repeating the message of each party. It is agreed that a contract was entered into at that time by telephone, but there is a conflict in the evidence as to its terms. The plaintiffs introduced testimony tending to show that defendant sold his entire lot of hay at $8.25 per ton on track in Omaha, to be shipped two car loads per day. On the other hand, the testimony of the defendant goes to show that plaintiffs' proposition contained in their letter of May 2 was not accepted by the defendant, but that the contract was for only two car loads. Two car loads of hay only were shipped to and received by plaintiffs. Subsequently defendant brought an action against plaintiffs to recover for said two car loads of hay, in which Gadsden recovered the full amount claimed, which judgment plaintiffs in error have paid. The burden was upon the plaintiffs to establish the contract and breach of the same, substantially as alleged by them. The jury passed upon the conflicting testimony and found that the terms of the contract respecting the quantity

of the hay sold were as claimed by the defendant.    We are
satisfied that there is not such a preponderance of the evi-
dence in the plaintiff's favor as to justify us in disturbing
the finding.

Error is assigned because the court admitted the testi-
mony of the defendant as to the conversation over the tele-
phone between the witness and Mr. Haines, one of the
plaintiffs, as repeated over the wire by Mrs. Cummings, the
telephone operator at Fremont.    It is contended that the
testimony of the witness, of what the operator repeated to
him as the conversation progressed, as being said by Mr.
Haines, is irrelevant and hearsay.    The question thus pre-
sented is a new one to this court and there are but few
decided cases which aid us in our investigation    Upon
principle, it seems to us that the testimony is competent
and its admission violated no rule of evidence.    It was
admissible on the grounds of agency.    The operator at
Fremont was the agent of defendant in communicating de-
fendant's message to Haines, and she was also the latter's
agent in transmitting or reporting his answer thereto to
defendant.    The books on evidence, as well as the adjudi-
cated cases, lay down the rule that the statements of an
agent within the line of his authority are admissible in ev-
idence against his principal.    Likewise it has been held
that when a conversation is carried on between persons of
different nationalities through an interpreter, the statement
made by the latter at the time the conversation occurred as
to what was then said by the parties is competent evidence
and may be proven by calling persons who were present
and heard it.    This is too well settled to require the cita-
tion of authorities.    There are certainly stronger reasons
for holding the statement made by the operator and testi-
fied to by defendant is admissible than in the case of an
interpreter.    Both Haines and defendant heard and under-
stood the operator at Fremont and knew what she was say-
ing, or at least could have done so.    Each knew whether

his message was being correctly repeated to the other by the operator. Not so where persons converse through an interpreter. If the testimony objected to was incompetent and hearsay, then the testimony of Haines relating to the same conversation should, for the same reason, have been excluded. He did not hear what defendant said, but testified to what the operator reported as having been said. The operator at Fremont was not the agent of the defendant alone, but she was plaintiffs' agent in repeating their answer to defendant's message.

That conversations held through the medium of telephone are admissible as evidence in proper cases, cannot be doubted. Such have been the holdings of the courts in cases where the question has been before them. In a criminal case, *People v. Ward*, 3 N. Y. Crim. Rep., 483, it was held that where a witness testifies that he conversed with a particular person over the telephone and recognized his voice, it was competent for him to state the communication which he made.

In *Wolfe v. M. P. R. Co.*, 97 Mo., 473, it was ruled that if the voice was not identified or recognized, but the conversation is held through a telephone kept in a business house or office, it is admissible, the effect or weight of such evidence, when admitted, to be determined by the jury. (See *Globe Printing Co. v. Stahl*, 23 Mo. App., 451.)

A case quite analogous to the one at bar is *Sullivan v. Kuykendall*, 82 Ky., 483. In that case the parties did not have conversation directly with each other over the telephone, but conversation was conducted by an operator in charge of a public telephone station at one end of the line. It was held that the conversation was admissible in evidence and that it was competent for the person receiving the message to state what the operator at the time reported as being said by the sender. The court in the opinion says: "When one is using the telephone, if he knows that he is talking to the operator, he also knows that he is making him

an agent to repeat what he is saying to another party; and in such a case, certainly the statements of the operator are competent, being the declarations of the agent, and made during the progress of the transaction. If he is ignorant whether he is talking to the person with whom he wishes to communicate or with the operator, or even any third party, yet he does it with the expectation and intention on his part that in case he is not talking with the one for whom the information was intended, it will be communicated to that person; and he thereby makes the person receiving it his agent to communicate what he may have said. This should certainly be the rule as to an operator, because a person using a telephone knows that there is one at each station whose business it is to so act; and we think that the necessities of a growing business require this rule, and that it is sanctioned by the known rules of evidence."

Our conclusion is that the court did not err in admitting the testimony of the defendant.

It is claimed that the court erred in refusing certain instructions requested by the plaintiff, but as they raise the same question we have been considering, the objections will be overruled without further comment. The judgment below is

AFFIRMED.

THE other judges concur.