J. A. BUCKLE, Respondent, v. D. B. PROBASCO, Appellant.

Kansas City Court of Appeals, April 30, 1894.

1. **Principal and Agent:** HOTEL KEEPER AND SERVANT: AUTHORITY AND APPARENT AUTHORITY. A hotel keeper is liable to a guest for his money and valuables, when the servant to whom the guest delivers them, has apparent authority to act as he is acting, though, in fact he has no such authority, as the absence of authority in fact will not protect the principal against the act of the agent in the line of his apparent authority.

2. ——: ——: ——. The action of the trial court in giving and refusing instructions reviewed and *approved.*

*Appeal from the Jackson Circuit Court.*—HON. J. II.
SLOVER, Judge.

AFFIRMED.

*Boland & O'Grady* for appellant.

(1) Whether the guest deposits his money on the
credit of the innkeeper or not is a question for the
jury, and not a conclusion of law for the court.
*Houser v. Tully,* 12 P. F. Smith (Pa.), 95; *Sneider v.
Geiss,* 1 Yates, 35; 11 Am. and Eng. Encyclopedia
of Law, p. 86. (2) Beyond the scope of his employ-
ment the servant is as much a stranger to his master
as any third person and the act of the servant, not
done in the execution of the service for which he was
engaged, can not be regarded as the act of the master.
*State v. James,* 63 Mo. 570; 14 Am. and Eng. Ency-
clopedia of Law, pp. 809, 816; *Fongue v. Burgess,* 71
Mo. 389; *Sherman v. Railroad,* 72 Mo. 64; *Cousins v.
Railroad,* 66 Mo. 576; Wood on Master and Servant,
secs. 273, 518. (3) It must be shown that the barkeeper
was the agent of the innkeeper for the purpose of
receiving the valuables. *Hull v. Jones et al.,* 69 Mo.
587; *Stringer v. Railroad,* 96 Mo. 302; *Bradstreet v.
Kinsella,* 76 Mo. 64; *Elcox v. Hill,* 98 U. S. 222;
*Bensberg v. Harris,* 46 Mo. App. 404; *Iron Co. v.
Halverson,* 48 Mo. App. 392; *Harrison v. Railroad,* 50
Mo. App. 337; *Lord v. Schamloeffel,* 50 Mo. App. 364;
Angell on Carriers, p. 130, sec. 146; Redf. on Car-
riers, p. 468, sec. 600; *Cupples v. Whelan et al.,* 61 Mo.
587. (4) A person dealing with an agent must act
with ordinary prudence, particularly where the agent
is a stranger and one with whom the party has not
previously dealt. Mechem on Agency, p. 191, sec.
290; *Dozier v. Freeman,* 47 Miss. 647; *Hurley v.*

*Watson,* 13 N. W. Rep. (Mich.) 543. (5) Where the
servant, instead of doing something which he is
employed to do, does something which he is not
employed to do at all, the master can not be said to do
it by the servant. Mechem on Agency, sec. 758; Wood
on Master and Servant, 596.

*John L. Wheeler* for respondent.

(1) R. S. 1889, sec. 5512, ch. 85. In this case it
is wholly immaterial whether the servant who com-
mitted the theft had authority to receive valuables from
guests for defendant or not; it is also wholly immate-
rial whether defendant complied on his part with every
provision of chapter 85 or not. Under the section
above mentioned he is liable in this case. (2) The
authorities cited by respondent are wholly inapplicable
to the points at issue here.

ELLISON, J.—Defendant was proprietor of a hotel
or inn at Kansas City, Missouri, on August 22, 1892.
About 4 o'clock in the afternoon of that day plaintiff,
a stranger, entered what appeared to be a bar and office
combined, that is, the room contained a bar run in
connection with the hotel and likewise the hotel register
and a large iron safe in which the valuables of guests
were kept when deposited. The safe was at the end of
the bar counter and there were several valises or trav-
eling satchels sitting around the safe when plaintiff
entered. Plaintiff registered and secured a room from
one of the two men behind the bar who was in his
shirt sleeves, clean shaven and wearing a white apron,
and who appeared to be in charge. Plaintiff then gave
his satchel to this man, went out and returned about 1
o'clock that night. He then found two different men
behind the bar. One of these asked him if he wished

a room, to whom he replied that he had already secured one. This man was soliciting lodgers and handed out cards to other persons present. Plaintiff asked for the proprietor, when this man stated to him that the proprietor was out but that he had ·charge in absence of the proprietor. On plaintiff telling him he wished to deposit some money ($125) and a watch the man pointed to the safe at the end of the bar and replied that he would place the money and watch in the safe. Plaintiff handed over the articles, taking the man's receipt for the same. Plaintiff asked to be shown to ·his room, whereupon this man looked over the register to find the name and room and called a servant, directing him to show plaintiff to his room, which was done. The man thus receiving plaintiff's money and watch embezzled it and ran away that night or early next morning. He had been in defendant's employ only a ·few days and there was evidence tending to show that he was in such employ only as bartender and with no authority to receive guests or their valuables. The verdict was for plaintiff and defendant appeals. Since the verdict was for plaintiff we have based most of the foregoing statement on the testimony in his behalf.

The court instructed the jury for plaintiff to the effect that if plaintiff deposited the articles with one of defendant's servants who was acting for defendant in his absence and who had apparent authority to act, then the verdict should be for plaintiff, notwithstanding the servant had, in fact, no authority to act for defendant, in the receipt of the property. This instruction, we think, embodies a correct declaration of law with reference to agents. Where a principal places his servant in a position of apparent authority, the absence of authority in fact will not protect the principal against the act of the agent in the line of such apparent authority. *New Albany Woolen Mills v. Meyers*, 43 Mo. App.

Buckle v. Probasco.

130. Defendant admitted the agency of his absconding servant as a barkeeper. The evidence of apparent authority to act in the receipt of plaintiff's property was ample. He was in charge of the room, situated as above stated, containing the safe and register. The servant who conducted plaintiff to his room obeyed his directions. In fact the defendant himself admitted on cross-examination that in his absence the barkeeper, while not "very apt to be," yet "he might" be in charge. There was some testimony in defendant's behalf, if we interpret it correctly, going to show that the party who took plaintiff to his room was the duly authorized man in charge of the hotel at night, but this does not affect what we have stated.

It will be noticed that we have assumed in favor of defendant that he had complied with the statute in relation to innkeepers, sections 5511 and 5512, Revised Statutes, 1889. We place our decision on the ground that plaintiff deposited his money and watch with defendant's agent who, plaintiff was justified in believing, was authorized to receive it from him under the law of agency above stated.

Defendant's instructions were properly refused. The first one includes the hypothesis of defendant's having complied with section 5511 of the statute when there is no evidence of defendant having done so as provided by the statute.

The second instruction was properly refused for the reason that it, in effect, makes it incumbent upon plaintiff to show actual authority from defendant to the bartender to receive the property. And so of the third. The fourth, being a demurrer, was, of course, properly refused.

The verdict was for the right party and is affirmed. All concur.