D. W. GALLAHER v. MAHLON HEAD AND MADISON HEAD,. Appellants.

**Limitation of Actions:** TAX TITLE: *Attornment.* The statute of limitations does not bar the holder of a tax title from enforcing his claim, if the holder of the fee makes a written surrender and attornment to him before the statute has run.

SAME. The statute limiting a tax purchaser's right to recover the land begins to run when his right to a deed accrues, though he does not take one until thereafter, if the fee owner then occupies the land, and has done so since the sale; and the running of the statute is not interrupted by a change in the fee title during the period of limitation.

OCCUPANCY. The occupancy by the fee owner through tenants, which will set the statute of limitations in motion and keep it running against a tax title, need not be continuous by the same. person.

WASTE. A tax purchaser is entitled to recover of the fee owner for timber which the latter tenant, acting under a right which the owner pretended to confer, cut while the land was wrongfully withheld from the purchaser.

**Tax Sale:** FRAUD: *Evidence.* The existence of a fraudulent combination among bidders at a tax sale cannot be inferred from the fact that there was little competition, though a number of bidders. were present, several of whom bid on the same tract.

**Trial:** AMENDMENT. It is not error to refuse an amendment to answer tendering a new issue after plaintiff has closed his evidence and argument.

**Review on Appeal.** On appeal in a law action the judgment will be. sustained if it has material support in the testimony.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD,. Judge.

WEDNESDAY, MAY 24, 1899.

THIS action, which is at law, involves the title to forty acres of land. There was a trial to court, and judgment for plaintiff. Defendants appeal.—*Affirmed.*

*Rose & Henderson* for appellants.

*J. A. Gallaher* for appellee.

WATERMAN, J.—Plaintiff's claim is based upon a tax title. The tax sale under which she claims was had December 3, 1888. The deed was issued June 7, 1892, and recorded the same day. This action was begun December 23, 1896. The principal question involved is whether the action was barred by the statute of limitations. Plaintiff was entitled to a deed December 3, 1891. The five-year limitation of the statute would expire December 3, 1896. The general rule is that the statute begins to run from the time the purchaser is entitled to a deed. *Innes v. Drexel,* 78 Iowa, 253; *La Rue v. King,* 74 Iowa, 288. It has been held, however, that where the land is unoccupied when the deed is taken the tax purchaser will be deemed to have constructive possession, and his failure to take a deed when entitled to do so will not prevent the statute running in his favor. *Griffin v. Turner,* 75 Iowa, 250, and cases cited therein. But in the case at bar the evidence without material dispute shows that this land was occupied by the fee owners, through tenants, when the sale was made and since. If we correctly understand the argument of appellee, she claims that the occupancy which will set the statute in motion and keep it running in favor of the party in possession must be a continued possession by the same person; that, if the fee title changes hands during the five years immediately succeeding the date when the deed was due, the bar of the statute cannot be set up by the fee owner as against the tax purchaser, based upon the lapse of such period. She relies upon *Strabala v. Lewis,* 80, Iowa, 510. But in that case the land was wholly unoccupied at the time of the sale, and the fee owner did not take possession until after the tax deed was recorded. All that was held there was that, under such circumstances, the negligence of the tax purchaser would not inure to the benefit of the owner of the patent title. If the land occupied by the fee owner when the sale is made and the right to a deed

accrues, the statute is set running, and no change of title will interrupt it. But there was evidence here from which the court could have found that, just prior to the time when the period of limitation expired, the defendants, acting through Mahlon Head, recognized plaintiff's title, and, through negotiations for its purchase, or for a lease of the lands, induced plaintiff to believe that her right was not questioned, and by this means secured the few days' delay of which he now seeks to take advantage. There was a conflict of evidence on this point, but, as this is a law action, we should sustain the judgment if it has material support in the testimony, as it undoubtedly has in this respect. If defendants had paid rent to plaintiff before the expiration of the five-year limitation, it would have been such a surrender of possession on their part as would have stopped the running of the statute. In our opinion, the evidence justified the finding of a written surrender and attornment of defendants to plaintiff. The doctrine of estoppel would seem to apply. *McNamee v. Moreland,* 26 Iowa, 96; *Lucas v. Hart,* 5 Iowa, 415.

II. What we have said covers several of the assignments of error. We now pass to others. After the evidence was closed, and plaintiff's argument concluded, defendants offered an amendment to the answer tendering a new issue, and the court refused permission to file it. There was no error in this ruling. *Emerson v. Converse,* 106 Iowa, 330.

III. Evidence was received as to the value of timber cut from this land during the time it is claimed to have been wrongfully held by defendants. As plaintiff claimed damages in her petition for waste committed, it is manifest that this evidence was admissible, for it appears this was done by a tenant of defendants, under rights which they pretended to confer.

IV. Most of the remaining assignments, which are quite numerous, relate to rulings upon evidence. We have

examined them carefully, and discover no error in the action of the court. One defense to the tax deed is that there was a fraudulent combination among the bidders at the sale. There is no evidence of this, save inference from the manner in which the bids were made as testified to by the treasurer. The substance of what he says is that there was but little competition, although quite a number of bidders were present. He admits, however, that at times several persons bid on the same tract. We do not think the facts bring this case within the rule announced in *Johns v. Thomas,* 47 Iowa, 442. A finding of fraud cannot be based on so doubtful an inference.

Some objections are urged to the language of the court in making its findings. It would be of no benefit to any one for us to do more than announce our conclusion on these contentions, which is that they are without merit.— AFFIRMED.