JOHN LINDT v. AUGUST UIHLEIN and SCHILTZ BREWING Co., Appellants.

**Intoxicating Liquors:** SALE OF PROPERTY FOR: *Ratification.* No 1 act of grantor can ratify so as to give legal effect to her conveyance 2 in part consideration of the sale of intoxicating liquors in viola-

tion of law, which, under Code 1873, Section 1550, is utterly null and void against all persons in all cases.

RULE APPLIED. A sale of land that is "utterly null and void" under Code 1873, section 1550, as having been made in part on account of intoxicating liquors sold in violation of the chapter on intoxicating liquors, is not validated by the vendor's accepting a lease on the land and paying rent for a number of years, and permitting the grantee to make improvements without making any claim of interest in the land.

IMPROVEMENTS. Grantees of real property in part consideration of a sale of intoxicating liquors in violation of law, who with knowledge and acquiesence of the grantor have expended money in rebuilding and improving the property, are not entitled to charge the property with the value of such improvements in a proceeding brought by one claiming under the grantor to quiet title to the premises on the ground that the conveyance under Code 1873, section 1550, was "utterly null and void against all persons and all cases."

EQUITY: *Mutual wrong doers.* The fact that the vendor was a party to a violation of the chapter will not preclude him from recovering back the land under this section, on the principle that equity will leave parties violating the law as it finds them.

Election of Remedies: One who sold property for liquor first demanded back the property and then began an action to recover back the money value so far as it had been paid in liquor. She dismissed this and then sued to quiet title. *Held,* the money demand in the dismissed suit was not an election making the suit to quiet title untenable.

Who Sold Liquors: EVIDENCE. A brewer shipped beer to L., who stored it in the brewer's store-house, and made sufficient daily deliveries therefrom to one who sold land to the brewer to pay a balance of the price due from the brewer, and the bills from the beer were forwarded to the brewer. The person who sold the building to the brewer leased it of him and it was to the brewer's knowledge used as a saloon under the lease, it was understood $1,500 of the purchase price should be paid in beer and it was so paid. *Held,* sufficient to show the brewer sold the beer and not L., though the accounts with L., were kept as though he were a purchaser from the brewer.

*Appeal from Pottawattamie District Court.*—HON. W. I. SMITH, Judge.

THURSDAY, MAY 11, 1899, and FRIDAY, OCTOBER 27, 1899.

(Supplemental as to Par. 3.)

ANNA PRALOR, now deceased, brought this action in equity to quiet title in her to the middle 22 feet of lot 4, block 18, Grime's addition to Council Bluffs, Iowa, and for an accounting for rents and profits. The grounds alleged for this relief are that Anna Pralor, being the owner of said property, conveyed the same to the defendant Uihlein, one of the officers of the defendant corporation, in trust for said corporation, for the consideration of five thousand dollars, of which three thousand five hundred dollars was paid in cash, and one thousand five hundred dollars in beer furnished to Anna Pralor, in violation of law, by the defendant corporation, to be sold on said premises in violation of law, wherefore said conveyance is null and void. She alleged that the defendants entered into possession of said premises, and have enjoyed the rents and profits thereof, wherefore she asked an accounting. The defendants answered, admitting the former ownership of said premises, the conveyance thereof for the consideration of five thousand dollars, the payment of three thousand five hundred dollars in cash, as alleged, and as to the one thousand five hundred dollars they alleged that "a verbal order was given to one John Linder, which was by him accepted; he at the time agreeing to pay the same, and becoming at the same time indebted to her therefor in the sum of one thousand five hundred dollars, which order and acceptance were by said Anna Pralor received and accepted as full payment, on the part of defendant of the purchase price of the property in controversy." They further answered, admitting that said one thousand five hundred dollars was paid by Linder in sales of beer to Anna Pralor, but say that they have neither knowledge nor information sufficient to form a belief as to whether or not said sales of beer were in violation of the laws of Iowa. They allege that said sales of beer were made by Linder on his account and in discharge of said indebtedness, and that defendants had no part in said sales. That their sales of beer to Linder were made in the state of Wisconsin, and

in compliance with the laws of that state. They allege that the premises were occupied by Anna Pralor, as tenant of the defendants, until the building thereon was destroyed by fire about June 1, 1895. Further answering, they allege that the claim of the plaintiff is in furtherance of the alleged violation of the laws of Iowa, is without equity, unconscionably fraudulent, and based on an alleged violation of the laws of Iowa. They allege that they have invested in construction of buildings and improvements on said lot five thousand six hundred and eighty-one dollars, and in payment of taxes seventy-three dollars and nine cents; that said investment was made in good faith and with the full knowledge and acquiescence of Anna Pralor; that no part of said cash consideration, expenditures for improvements, and taxes has been repaid to them; and that, if their deed is held void, in equity and good conscience said cash payment and expenditures should be repaid before there is a decree quieting title in plaintiff, or that a lien should be declared in favor of defendants against the premises for said sums, and plaintiff decreed to pay the same before relief be granted to him as prayed. Defendants pray as follows: "Wherefore defendants ask that plaintiff's petition be dismissed; *second,* if plaintiff's claim be held valid, it be decreed, as condition to relief, that the payments of purchase price of said premises in the sum of three thousand eight hundred and seventy-five dollars and expenditures, investments, taxes, and improvements paid by defendants in the sum of five thousand seven hundred fifty-four dollars and nine cents be decreed to be repaid, or lien declared in favor of these defendants on said premises for said sum; *third,* for accounting against plaintiff for the cash purchase price, investments, and expenditures by defendants upon the premises, and condition imposed in decree for plaintiff requiring plaintiff to do equity with reference thereto, and for such other relief as seemeth just." Defendants in an amendment to their answer alleged that, in a case of Uihlein

against Pralor, Anna Pralor, filed an answer and cross bill making substantially the same allegations as to said one thousand five hundred dollars being paid in intoxicating liquors, in violation of law, and asking judgment against Uihlein on account thereof, and thereby Anna Pralor elected to recover in money the amount of said consideration; that by said election her remedy to set aside the conveyance became lost; and that she is barred and estopped from recovering in this action. Plaintiff replied, denying the allegations of the answer and amendment. Pending this action, Anna Pralor conveyed the premises in controversy to S. G. Lindt, who thereafter conveyed the same to John Lindt, who was substituted as sole plaintiff; Anna Pralor having departed this life. Upon hearing had, decree was rendered in favor of the plaintiff, "finding that he was the owner of the property in controversy, and that the conveyance by Anna Pralor to August Uihlein was null and void, quieting the title of plaintiff in and to the property in controversy, decreeing a writ of ouster to put plaintiff in the possession of said property, and rendering judgment against the defendants for costs." Defendants appeal.—*Affirmed.*

*Rich & Sears* and *Harl & McCabe* for appellants.

*W. H. Ware* and *Aylesworth & Aylesworth* for appellee.

GIVEN, J.—I. Prior to June 26, 1894, Anna Pralor, the owner of the premises in controversy, used the same for the illegal sale of intoxicating liquors, especially what is known as "Pabst Beer." The defendant corporation, desiring her to keep its manufacture of beer for sale on said premises, purchased the property from her at the agreed price of five thousand dollars, of which three thousand five hundred dollars was paid in cash and applied to removing existing liens upon the property. Anna

Pralor executed a conveyance of said property to the defendant Uihlein in trust for the defendant corporation, and he executed to her a lease for the premises, for a period of three years, at a rental of forty dollars per month, under which she remained in possession and continued said illegal business thereon until June 1, 1895, when the building was burned. The defendants knew the illegal purpose for which the premises were rented and used. Anna Pralor paid the rent agreed for the time she occupied the premises The defendant company expended in improvements five thousand six hundred and eighty-one dollars, and in payment of taxes seventy-three dollars and nine cents. There is no dispute that the one thousand five hundred dollars of the consideration for the property was to be and was paid to Anna Pralor, in beer, in violation of law. The contention is whether said sale was by the defendant company or by one John Linder. It appears that the defendants shipped their beer in large quantities to John Linder at Council Bluffs, who received and stored the same in defendants' storehouse in that city, from which he delivered in kegs and barrels, as required, to customers. John Linder made daily deliveries of beer to Anna Pralor at her said place of business, the bills for which, when approved, were accepted by the defendant company, and in this way the larger part of said one thousand five hundred dollars was paid in beer. Appellants' contention is that the beer was sold to Anna Pralor by John Linder, but we do not think that the evidence sustains this contention. Though the accounts with Linder were kept as though he were a purchaser from the defendants, yet we think it is quite clear that he was merely a distributing agent for the defendants, and that the beer delivered by him to Anna Pralor, in pursuance of the agreement that the one thousand five hundred dollars should be paid in beer, was delivered on behalf of the defendants, and not on his own account. The case is quite different in its facts from *Hurlbut v. Bagley,* 99 Iowa, 127. If John Linder

was the owner of the beer delivered to Anna Pralor, and he
assumed and she accepted him for payment of the one thou-
sand five hundred dollars, there was no reason why the bills
for beer should have been forwarded to the defendants. If
it were his debt to Anna Pralor, not the debt of the defend-
ants, there is no reason why he and Anna Pralor should not
have settled the bills between them. There are other facts
appearing in the evidence that leave us in no doubt but
that the sale of beer to Anna Pralor was by the defendant
corporation.

II. On plaintiff's motion paragraph 11 and para-
graphs 13 to 19, inclusive, of defendants' answer were
stricken out, and of this the appellants complain. The
eleventh paragraph sets up the acceptance of the lease by
Anna Pralor, and payment of rent, with knowledge
of defendants' claim of ownership. In the other
paragraphs stricken, defendants alleged the making
of improvements at a cost of five thousand six hundred and
eighty-one dollars; the payment of seventy-three dollars and
nine cents taxes; that these expenditures were made in good
faith, under claim of ownership, in reliance upon the acts
of Anna Pralor, with her knowledge and consent, and with-
out objection or claim of interest on her part, and that no
such claim was made until long thereafter; that plaintiff,
Lindt, acquired his pretended deed with full knowledge of
all the facts; that said building cannot be removed without
being destroyed; that no offer has been made to make repay-
ment of said investment so made by defendants; and that
by reason of said facts Anna Pralor and her grantees aru
barred, estopped, and concluded from making claim to these
premises adverse to defendants, or of maintaining this cause
of action. Section 1550 of the Code of 1873 contains the
following: "All payments or compensation for intoxicating
liquors sold in violation of this chapter, whether such pay-
ments or compensation be in money, goods, land labor, or
anything else whatsoever, shall be held to have been received

in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money or the just value of such goods, land labor or other thing. All sales, transfers, conveyances, mortgages, liens, attachments, pledges, and securities of every kind, which either in whole or in part shall have been made for or on account of intoxicating liquors sold in violation of this chapter shall be utterly null and void against all persons in all cases, and no rights of any kind shall be acquired thereby." It certainly requires no discussion to show that under this language the conveyance from Anna Pralor to the defendants is "utterly null and void against all persons in all cases, and no rights of any kind shall be acquired thereby. While Anna Pralor might have acquiesced in this conveyance, no acts of hers could ever ratify it so as to give it legal effect. It was not voidable, but under this statute utterly null and void; therefore the matters set up in the paragraphs of the answer that were stricken out present no defense to the action, and there was no error in sustaining the motion.

III. It will be observed that under the statute Anna Pralor had the right to demand payment of the just value of the property given in compensation for the liquors, or to treat the conveyance of the property as void, and to be quieted in her title as against that conveyance. We understand appellants to insist that, prior to the commencement of this action, Anna Pralor had elected to demand a money recovery, and that, therefore, she is barred from pursuing the remedy sought in this action, namely, the quieting of title. It is true that, in the case of Uihlein against Pralor, she did ask, in her cross petition, to recover one thousand five hundred dollars on account of the sale of said liquors, which cross bill was dismissed without prejudice. It is also true that prior thereto,

and as her first demand, she demanded a reconveyance of the property in question. Anna Pralor had a choice of two rights, namely, the recovery of the money or the property. Let it be conceded that an election by her as to which right she would take would preclude her from pursuing the other, yet we have seen that she first elected to take the property, and it is upon that election that this action is based. Therefore she may pursue this remedy for the enforcement of that right. It is further insisted that, as Anna Pralor was a party to the plan by which the laws of the state were to be violated, a court of equity will close its doors against her, and leave the parties as it finds them. To apply this principle to the statute under consideration would be to defeat its purposes in most, if not in all, cases arising under it.

IV. Appellants further contend that, if the facts do not preclude the plaintiff from being quieted in the title to the premises, yet that he should take them charged with what Anna Pralor, by her silence and other conduct, induced the appellants to lay out upon them. It is true that after the fire the appellants did, with the knowledge and acquiescence of Anna Pralor, and without any protest or claim of title from her, expend money in rebuilding and improving the property. While this plaintiff stands in the place of Anna Pralor, and is entitled to no greater rights than she was at the commencement of this action, still we think that this case must be disposed of upon the facts and the statute, and not upon equitable considerations. It is a hardship to the appellants that they must go unrewarded for the improvements which they made, under the circumstances, yet such manifestly is the effect of the statute. It is not a question as to the conduct of which was most reprehensible,— that of the appellants or Anna Pralor. They acted together in disregard of the laws of the state, and one consequence that irrevocably follows their conduct under the statute is that the deed from Anna Pralor to the defendants is null

and void, wherefore the plaintiff is entitled to be quieted in the title to the property. The decree of the district court, is, under the facts, in harmony with the statute, and it is therefore AFFIRMED.