W. A. Shawyer v. L. V. Chamberlain, Appellant.

**Evidence:** CONVERSATION BY TELEPHONE ADMISSIBLE. Evidence of a conversation over a telephone is not inadmissible because such communication is uncertain, unreliable, and easily manufactured; the growth of this method of inter-communication

being a fact of contemporary history, of which the courts will take judicial notice.

PAROL VARIANCE OF INVOICE TAKEN. The fact that a witness had made an invoice of the cost price of goods did not preclude him from testifying orally to the wholesale cost thereof.

Pleading:    VIOLATION OF LIQUOR LAW MUST BE SPECIALLY PLEADED. Where the evidence showed that a stock of goods included intoxicating liquors, the contract will not be held void under Code, section 2423, making void all sales of intoxicating liquors sold in violaton of the law governing the sale thereof, unless such defense was specially pleaded as required by Code. section 3629.

CONFORMING PLEA TO PROOF. *Amendment After Verdict.* Under Code, section 3600, authorizing amendments conforming the pleadings to the facts proven only when this does not change substantially the defense, defendant's amendment to his answer filed two days after the verdict was returned in which he alleged the invalidity of the contract of sale in question, as violating the law governing the sale of intoxicating liquors, was, in the discretion of the court, properly stricken out, since it raised an entirely new issue.

*Appeal from Wright District Court.—*HON. B. P. BIRDSALL, Judge.

SATURDAY, DECEMBER 22, 1900.

THE defendant, by written contract, purchased a stock of drugs and certain fixtures of plaintiff December 30, 1898, and refused to carry out its terms, and this is an action for the resulting damages.    Verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*McGrath & Bryan* for appellant.

*Filkins & Schaeffter* and *Nagle & Nagle* for appellee.

LADD, J.—The defendant insists that the testimony of plaintiff to a conversation with him through the telephone ought to have been excluded, for that it is of too uncertain and easily manufactured a character to be competent.    These defects, if they exist, would not justify rejecting such evidence, but merely affect the weight

it should receive. This method of communication, of recent origin, is one of the incidents of contemporary history, of which the courts take judicial notice. It greatly facilitates business transactions, and there is no better reason for rejecting proof of a conversation over a telephone line than of one had without its use. Identity may be established by means of the hearing or other circumstances quite as readily, though possibly not as certainly, as by sight. *Wolfe v. Railway Co.*, 97 Mo. 473 (11 S. W. Rep. 49, 10 Am. St. Rep. 331); *Oskamp v. Gadsen,* 35 Neb. 7 (52 N. W. Rep. 718, 17 L. R. A. 440); *Sullivan v. Kuydendall,* 82 Ky. 483. See *German Sav. Bank of Davenport v. Citizens' Nat. Bank,* 101 Iowa, 530; *Davis v. Walter,* 70 Iowa, 465.

II. An invoice of the cost price of the goods was introduced in evidence, and Lowry, the maker of it, was allowed to orally testify to the wholesale cost thereof. The mere fact that a memorandum was made did not preclude other evidence on the same subject. See *Christman v. Pearson,* 100 Iowa, 634; *Lumber Co., v. Thomas,* 106 Iowa, 420. If the witness had knowledge independent of the invoice, it might be elicited; and, if he was making use of the figures in the book, his evidence was without prejudice.

III. The record discloses that the stock included intoxicating liquors valued at $164.34. The defendant urges that because of this the contract was void, under section 2423 of the Code. See *Lindt v. Uihlein,* 109 Iowa, 591. But any defense, showing that a contract, written or oral, * * * is void or voidable * * must be specially pleaded." Section 3629, Code; *Riech v. Bolch,* 68 Iowa, 526; *Glidden v. Higbee,* 31 Iowa, 379. No such issue was presented by the answer until the verdict had been returned. Nor does the record show the trial to have proceeded on that theory. The evidence of intoxicating liquors came out in proving the cost price of the stock, as bearing on the measure of damages; and the court, in overruling the motion to direct verdict at close of plain-

tiff's evidence, distinctly rejected the attempt to inject that issue when not properly plead. In the instruction submitting the interrogatory as to whether liquors were included in the stock, the jury was told not to allow that fact any influence in determining the case. Calling for an answer thereto, in these circumstances, cannot be construed as treating the matter of inquiry as an issue in the trial.

IV. Two days after the verdict was returned, the defendant filed an amendment to his answer, setting up the alleged invalidity of the contract, and on motion this was stricken from the files. Section 3600 of the Code authorizes amendments conforming the pleadings to the facts proven only when this does not change substantially the defense. *Wheeler v. City of Boone,* 108 Iowa, 235; *Denzler v. Rieckhoff,* 97 Iowa, 75; *Gallaher v. Head,* 108 Iowa, 588; *Thoman v. Railway Co.,* 92 Iowa, 196. As defendant might not reasonably have anticipated such liquors formed a part of the stock, doubtless he would have been permitted to amend his answer had application been made as soon as this fact appeared. But, as it raised an entirely new issue, the court did not abuse its discretion in striking it when filed after verdict.

The contract was sufficiently definite, and the eighth instruction was not open to the criticism made.—AFFIRMED.