STEIN, Respondent, vs. JASCULCA, Appellant.

*March 13—April 4, 1917.*

*Evidence: Telephone conversations: Competency.*

Where one subscriber to a public telephone exchange calls in the usual way the place of business of another subscriber and some one there undertakes to answer and accept the communication, this is *prima facie* evidence that the message was delivered at that place of business to some one authorized to receive it on behalf of the person or firm to whom the telephone was accredited; and the conversation is admissible in evidence, even though the voice of the person to whom the message was delivered was not .identified.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

The appeal is from a judgment for plaintiff in the circuit court reversing a judgment of the civil court.

The plaintiff, a furrier, sued defendant for the price of certain furs delivered on October 5, 1915, which had been ordered by telephone. On examination of the goods on the day of their receipt defendant claims to have found them inferior to the sample according to which they were sold and thereupon directed his wife, who had charge of his business in his absence, to telephone the plaintiff to that effect and request the plaintiff's salesman Savitzky, through whom the goods were purchased, to call with reference to them. On the following day defendant's wife called up in the usual manner the plaintiff's place of business over the telephone through the telephone exchange, and in answer to the inquiry if the place so being spoken to was *O. N. Stein's,* received the answer "Yes," then asked for Mr. Savitzky, and was informed by the person answering the telephone that he was out and that she would send him over; and the person at the telephone then inquired if there was anything she could do, and Mrs. Jasculca stated that they had received a shipment

of fur which was inferior, and was then answered to the effect that the person at the telephone could not do anything, but that she would have Mr. Savitzky call as soon as he came in.    A few days later Mrs. Jasculca called up again and referred to the message left four or five days before that Mr. Savitzky was to be sent over about the furs, and was informed by the person then answering the telephone that the message must have been overlooked by the person taking the same; that the person now answering the telephone would have Mr. Savitzky go right over to defendant's place of business.    About a week or so later the goods were sent by defendant to plaintiff's place of business and refused.    It was conceded that Mrs. Jasculca at the time of the telephone conversations did not recognize the voice of the person with whom she had talked and that the second telephone conversation was had with a different person than the first.

Plaintiff's counsel objected to all of the telephone conversations and the civil court sustained the objection.    The plaintiff in rebuttal offered the testimony of the bookkeeper to the effect that she received no telephone message from anybody relative to the transaction of October 5th, that she and the stenographer usually answered the telephone and that the stenographer was accustomed to report everything to her, and that no such telephone conversation was ever reported to her. The stenographer was not called as a witness.    The goods were not returned to plaintiff until about twenty days after October 5th.    The civil court found in favor of the defendant.    On appeal to the circuit court the decision of the civil court was reversed and judgment was ordered for the plaintiff upon the ground, as appears in the decision of the circuit court, that the return of the goods was after an unreasonable delay and therefore a confirmation of the sale.    Nothing was said in the decision with reference to the telephone communications above specified and it is apparent that the circuit court must have disregarded them.

For the appellant there was a brief by *S. Fred Wetzler,* attorney, and *A. W. Schutz,* of counsel, both of Milwaukee, and oral argument by *Mr. Schutz.*

*Robert A. Hess* of Milwaukee, for the respondent.

Eschweiler, J. If the telephone communications between defendant's wife as his agent with some one at plaintiff's place of business who responded and assumed to answer on plaintiff's behalf, after having been called through the central office by the telephone number belonging to plaintiff, and in the usual manner, should have been received, then there is uncontradicted evidence of a notification by defendant to plaintiff that the goods did not meet the conditions of the sale and an offer to return them, and this would then support the judgment in favor of the defendant rendered in the civil court, and no other of the questions raised need be considered.

There has been some dispute among the authorities as to how far such telephone communications may be received in evidence where there is no proof of the identification by voice at least of the person with whom the communication was had. In the case at bar, where the plaintiff and defendant is each a member of the general public telephone exchange with their respective numbers furnished in the directory, and a call is made, such as here, in the usual manner, by one through the telephone exchange to the place of business of the other party, and some one there undertakes to answer and accept the communication conveyed over the telephone, it must be held to be sufficient *prima facie* evidence that the message was delivered at that place of business to some one authorized to receive the same on behalf of the person or firm to whom the telephone was accredited. Having adopted the telephone with its manifold advantages, it seems a reasonable and salutary rule to hold the users to be subject to its possible disadvantages, such as are urged in opposition to this rule.

This view is supported by many of the recent decisions, among others *Union C. Co. v. Western Union Tel. Co.* 163 Cal. 298, 306, 125 Pac. 242; *Guest v. H. & St. J. R. Co.* 77 Mo. App. 258, 261; *Wolfe v. M. P. R. Co.* 97 Mo. 473, 481, 11 S. W. 49; *Gardner v. Hermann,* 116 Minn. 161, 133 N. W. 558; *Shawyer v. Chamberlain,* 113 Iowa, 742, 84 N. W. 661; *General H. Soc. v. New Haven R. Co.* 79 Conn. 581, 65 Atl. 1065; Jones, Ev. (2d ed.) § 211 (210).

It follows therefrom that the evidence of such conversations should have been received, and, the rebutting evidence having gone no further than to show that one of the two persons denied any such conversation, there still stood as an untradicted fact that some conversation was had with some person in charge of the telephone at plaintiff's office and not called as a witness to dispute that fact.

*By the Court.*—Judgment of the circuit court reversed, and the action remanded with directions to affirm the judgment of the civil court.

ROSENBERRY, J., dissents.