## BAYS v. HERRING.

1. **Practice : CONTINUANCE: ABSENCE OF WITNESS.** A motion for continuance based upon the absence of a witness, filed after the second day of the term, should be supported by an affidavit showing that the motion was made as soon as the affiant learned of the absence of the witness, and that he desired his evidence.

2. **Evidence: MALICIOUS PROSECUTION.** In an action for malicious prosecution for the sale of mortgaged property, it was held to be competent to prove what the defendant had testified to upon the trial of the criminal action, with respect to the sale of the mortgaged property.

3. **Practice : PRESUMPTION.** Where the petition in an action for damages contains two counts, and the verdict for plaintiff is general, it will be presumed to have been based upon the count which was sustained by the evidence, rather than upon the one not so sustained.

4. **Evidence: MALICIOUS PROSECUTION: CHARACTER.** Whether in an action for damages for malicious prosecution the defendant may repel the charge against him, when the pivotal point in the case is established by mere circumstances, by proof of general good character, may well be doubted.

5. ——: **IMPEACHMENT: NUMBER OF WITNESSES.** The court may in its discretion limit the number of witnesses to be introduced for the purpose of impeaching a witness. .

6. ——: **TO SUSTAIN WITNESS.** Evidence to sustain the reputation of a party for truth and veracity does not stand upon the same footing as impeaching evidence, and a question for that purpose, limiting the inquiry to the reputation of a party among a particular class, was held not to be erroneous.

*Appeal from Harrison District Court.*

FRIDAY, JUNE 6.

THE petition states that the defendant, without reasonable or probable cause, filed an information before a justice of the peace charging the plaintiff with having sold and disposed of certain personal property, which had been mortgaged to the defendant, to secure an indebtedness to him which remained unpaid; that said property was sold without the consent of

the defendant; that plaintiff was recognized by the justice to appear at the next term of the District Court, when and where an indictment was found against him; that the defendant was a witness before said grand jury, and that the testimony given by him before both the justice and said jury was false, and known to be so by said defendant. The answer, with the exception referred to in the opinion, consisted of a denial. There was also a counter-claim pleaded. There was a jury trial, verdict and judgment for the plaintiff, and defendant appeals.

*J. C. Naylor, A. W. Clyde* and *Hubbard & Secor*, for appellant.

*Bolter & Mickel*, for appellee.

SEEVERS, J.—I. On the 5th day of September, 1878, a motion for a continuance was filed, based on the absence of a witness. The defendant knew on August 31, 1878, that he desired the evidence of the absent witness. The statute requires that such motion must be filed on the second day of the term, "if it is then certain it will have to be made before the trial, and as soon thereafter as it becomes certain it will so need to be made." Code, § 2752. We are unable to determine from the abstract on what day court commenced, but counsel for the appellant state in their argument it was on the 27th day of August, 1878. Conceding this to be correct, the defendant could not have filed the motion on that day. He states in his affidavit that the witness resides in Minnesota, but he fails to state when he first learned this fact. He may have known it before August 31st, or he may have learned it on that day. He should have filed his motion when he obtained such knowledge, and knew that he desired the evidence. It is not shown that the motion was made as soon after the second day of the term as it became certain it would have to be made.

1. PRACTICE: continuance: absence of witness.

II.    A motion was filed to suppress the deposition of Margaret E. Bays.    The abstract shows the following action of the court in reference thereto: "This case having been reached for trial when the motion to suppress depositions was filed, the same was overruled."    This ruling is in accord with chapter 26, Laws of Seventeenth General Assembly.    The presumption is that the foregoing statement is correct, and there is nothing in the record which conflicts therewith.    It is true, it appears that on the succeeding day the "cause came on for hearing before the court and a jury;" but for aught that appears the jury may have been impanelled on the preceding day, and that to this extent the trial had actually begun when the motion was filed.    The rule being that error must affirmatively appear, we cannot say there was any in this action of the court.

III.    One Stoker, when on the stand as a witness, was asked to state what the defendant had testified to when the
2. EVIDENCE:    plaintiff was tried on the criminal charge in relation to the sale of the mortgaged property.    Defendant's objection to this question having been overruled, the witness answered that the defendant testified he told Bays, or his wife, that he did not care what became of the property so he got his money.

If material, it was competent to prove what defendant testified to in relation to the sale of the property.    So far there can be no doubt.    The question was, therefore, unobjectionable, and there was no request made to strike out the answer.    We also think the evidence tended to show the defendant consented that the property might be sold.    There was no error in the ruling of the court.

IV.    The plaintiff, when on the stand as a witness, was asked to state a conversation he had with the defendant in relation to the disposition of the property after he had in fact sold it.    To this the defendant objected because it was immaterial; but certainly it was not so on its face.    In the response it might have appeared that the defendant had admitted he

Bays v. Herring.

had consented the property might be sold before the sale was in fact made. The objection was, therefore, properly overruled. Now, it may be conceded the answer was immaterial and irrelevant, but as no request was made to strike it out in the court below, it cannot be made for the first time here.

V. The indictment and papers connected therewith in the criminal case, including the verdict of the jury, with a statement attached thereto that the jury were of "opinion that this is a case of malicious prosecution, and recommend that the costs be taxed to the prosecuting witness," was allowed to go to the jury as evidence. It is urged that the statement of the jury attached to their verdict should have been excluded. In this view we concur, but we cannot remedy the wrong because no objection was made in the court below when the evidence was offered. Had there been it would have been undoubtedly excluded, for the court, on its own motion, instructed the jury to disregard it.

3. PRACTICE: presumption.

It is also urged that evidence tending to show the plaintiff had been acquitted of the criminal charge should not have been admitted, because it was not averred in the pleadings that he had been acquitted. There was no objection made to the petition by motion or demurrer, and the evidence, as we have said, was admitted without objection. But it is said an objection was made in the motion for a new trial and in arrest of judgment. This is true.

The abstract, however, as we understand, does not purport to contain the whole of the petition. Indeed the contrary expressly appears. It is impossible for us to say the evidence aforesaid was erroneously admitted. But, conceding the sufficiency of the petition, it is urged no recovery should have been had, and that a new trial should be granted because there was no legal evidence introduced showing the plaintiff had been acquitted of the criminal charge.

The judgment in that action does not appear to have been introduced, and that the verdict of a jury is not sufficient evidence of an acquittal is without doubt true.

If it be conceded that one count in the petition is for malicious prosecution, there is also a count based on the perjury committed by the defendant, whereby the prosecution was commenced and indictment found, and because of such matters the plaintiff was obliged to incur expense, and was put to great trouble and cost.

Under this last count it was not essential the plaintiff should prove he had been acquitted of the criminal charge which had been set on foot by means of the perjury of the defendant. The verdict was general. It is impossible, therefore, to say with certainty on which cause of action stated in the petition it was based. What, then, is the presumption? Certainly, we think that it was based on the count which was sustained by the evidence. We cannot presume the verdict was found under the count that had not been proved or established. This being true error has not been affirmatively shown.

VI. The plaintiff gave evidence tending to show that the defendant had given his consent to the sale of the mortgaged property, and in the petition the defendant is in substance charged with the crime of perjury. The defendant sought to prove what his general "character for honesty, morality and truthfulness" was and had been. An objection to this evidence was sustained. It is urged that defendant's general character was involved and in issue, and that, therefore, evidence to sustain it was admissible. In support of this position 1 Greenl. on Ev., § 54, is cited. The rule, as stated by the learned author, is that "whenever in actions of tort the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it." Conceding this case is within the rule in other respects, it will not do to say the charge in the petition is sustained by mere circumstances. As to the pivotal fact in the case—that is, the consent of the defendant to the sale of the mortgaged property—the evidence was direct and positive. The only question was whether it

*4. EVIDENCE: malicious prosecution: character.*

Bays v. Herring.

was true, and the preponderance with the plaintiff. Besides this, the defendant gave evidence tending to show that he had conditionally consented the property might be sold. The rule alluded to was established at a time when parties were not permitted to testify in their own behalf, and because of an apparent or real necessity, and for the reason that a party could not by his own testimony explain the circumstances tending to show his moral turpitude. Without committing ourselves thereto, we may be permitted to express a doubt whether the rule should now be recognized. If the reason for its establishment has ceased to exist, it is doubtful whether the rule itself should be enforced.

VII. The defendant asked to "introduce further witnesses impeaching the general reputation of George W. Bays for truth and veracity." To this the court said: "Seven witnesses having already been examined on that point the application is denied." The trial court must, of necessity, have the power, in the exercise of a legal discretion, to control the number of witnesses that should be examined to establish any fact. Otherwise trials might be prolonged to an alarming extent, and for the purpose of bringing about a mistrial by reason of the necessity that existed to adjourn the court. There is nothing in the record to indicate that the discretion with which the court is vested was abused. On the contrary it seems to us to have been wisely exercised.

*5. ———: impeachment: number of witnesses.*

VIII. The defendant pleaded as a counter-claim that he had obtained a judgment against the plaintiff, which was unpaid. The plaintiff on the trial admitted this was true. The defendant sought to prove that the judgment had been obtained on the note secured by the mortgage on the ground that it would tend to prove he had not given his consent to the sale of the mortgaged property. Upon objection being made the court below thought otherwise, and in this view we concur. There was no pretense the note had been paid, and the fact that judgment had been obtained thereon added nothing to this significant fact.

IX. There was evidence tending to impeach the plaintiff's character for truth and veracity in the community in which

6. ——: to sustain witness.

he lived. For the purpose of sustaining it, a witness was asked "what his general reputation is for truth and veracity in that community, among the business men with whom he deals?" An objection to this question was overruled, and the witness, after stating that he possessed the requisite knowledge, stated that it was good.

If the purpose had been to impeach, the question was improper. It should not have been confined to the business men with whom he had dealings. *Dance v. McBride,* 43 Iowa, 624.

Evidence to sustain a witness does not stand on precisely the same footing, and yet we are not aware that any recognized and clear distinction exists. If a person's reputation is good it is not usually discussed. It would be strange to hear it said of a man that his character for truth and veracity was good if it never had been doubted. Hence we believe it is quite usual to sustain the character of a witness by proving by witnesses that they had never heard it mentioned or discussed.

Conceding, however, that strictly speaking the evidence was inadmissible, we should be unwilling, for this reason, to reverse. Several other witnesses testified that the character of the plaintiff, in the community generally in which he lived, was good. Therefore, the evidence objected to could not have influenced the jury to the injury of the defendant. Nor was it by any means an important factor in the case.

X. The abstract states that before the evidence and argument were concluded the defendant filed an amended answer. Whether it was filed with the leave of the court does not affirmatively appear. On the same day it was filed the plaintiff moved the court to strike it from the files, because it "required proof not introduced on the trial," and because it was filed after "defendant had made his argument and submitted his cause to the jury." This motion was sustained.

It is impossible for us to say from what is before us that the court abused the discretion with which it is undoubtedly vested in such cases. On the contrary, we incline to think there are good reasons that may be urged in favor of its action. It is quite evident the defendant knew, or should have known, whether or not he desired to amend his answer, at least as early as the close of the plaintiff's testimony in chief. Instead of doing so at that time he waited until his counsel had concluded his argument to the jury. Such delay, ordinarily, would be inexcusable, and favors the thought that it was for a purpose which should not be entitled to consideration at the hands of the court.

XI. We have read with care the two instructions asked and refused, and the tenth instruction given by the court, and have to say in reference thereto that the latter, by the use of less words, covers the ground embraced in the former. Therefore, as has been repeatedly held, there was no error in refusing the instructions asked.

XII. In stating the issues to the jury the court assumed that the prosecution before the justice was commenced on the 16th day of December, 1876. It is urged that there was no evidence or averment in the pleading which warranted such assumption. When the petition was filed, and at the time the trial commenced, there were blanks therein. The answer admitted the prosecution was commenced at the time stated in the petition, but in fact when the answer was filed no time was stated in the petition. During the trial the plaintiff asked and obtained leave to fill the blanks in the petition, and, as we learn from the motion for a new trial, the blank in question was filled with the date aforesaid. As the pleadings stood at the time the instructions were given it was admitted therein that the prosecution had been commenced at the time stated by the court. The assumption aforesaid was not, therefore, unwarranted.

XIII. The other instructions of the court are criticised by counsel. All, or nearly all of them, are claimed to be erro-

neous. We do not deem it necessary to take the space required to state the reasons why, in our opinion, the objections are not well taken. We have read the instructions, evidence and argument of the counsel, and feel well satisfied that no well grounded objections exists to the instructions.

It is also urged that the verdict is not sustained by the evidence. The evidence was conflicting, and if more credit was given to the witnesses of the plaintiff than the defendant by the jury, and this they might well do, then the verdict is sustained by the testimony.

AFFIRMED.