LARSON, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*December 19, 1895 — January 7, 1896.*

(1) *New trial: Appeal.* (2) *Injury from defective highway: Evidence.* (3) *Limiting number of witnesses.*

1. Unless it is quite clear that it was an abuse of discretion to refuse a new trial on the ground that the verdict was against the preponderance of the evidence, this court will not interfere.

2. The admission of testimony as to the size and condition of a rut in a highway two days after an accident alleged to have been caused thereby and after ashes which had been put into it after the accident had been dug out again, was not error, it appearing that there had been no important change in the condition of the rut.

3. A reasonable limitation of the number of witnesses upon a single question is within the discretion of the trial court, even though such limitation is not imposed at the commencement of the trial.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This was an action brought against the city of *Eau Claire* to recover damages which the plaintiff alleged he had sustained in traveling on a highway which the defendant was bound to maintain, and which it was claimed was insufficient and out of repair; and, the allegations of the plaintiff hav-

ing been denied, upon a trial before a jury a special verdict was found, upon which the plaintiff had judgment for $3,000 and costs, from which the defendant appealed.

The defect or insufficiency in the highway relied on was a rut cut on one side of the traveled track, variously described by the witnesses as being from three to four feet in length, and from six to ten, sixteen, and eighteen inches deep. In respect to the condition of the highway, eight witnesses were examined on behalf of the plaintiff, and nine on behalf of the defendant, and the evidence was quite lengthy. The accident occurred Friday evening, November 20, 1892, when the weather was cold and freezing. The court allowed one Keefe, a witness on the part of the plaintiff, to testify, against defendant's objection, to the size and character of the rut as it appeared two days thereafter, when some men were engaged in digging and had dug out the coal ashes that had been put in it by another witness the next morning after the accident, and who testified, on behalf of the defendant, as to that fact, and to its size and condition. It does not appear that the court, when the trial began, made any limitation as to the number of witnesses which might be examined as to the condition of the highway at the point in question. After the defendant had examined nine witnesses on that subject, it offered and was proceeding to examine one Riley as to that matter, when objection was made, and the court ruled that the defendant could not examine any more witnesses as to the condition of the highway.

The defendant moved for a new trial on the ground, among others, that the verdict was contrary to the evidence, and that the evidence was insufficient to sustain it, but the motion was denied. The defendant assigned as error that the evidence was insufficient to sustain the verdict, that the verdict was contrary to the evidence, and that the admission of the testimony of Keefe, the exclusion of the testimony of

Riley, and the denial of its motion for a new trial were also erroneous.

*Jos. W. Singleton,* for the appellant, contended, *inter alia,* that on the chief issues the trial court cannot limit the number of witnesses unless the order is made when the evidence is first offered upon such issue. *Barhyte v. Summers,* 68 Mich. 341; *White v. Hermann,* 51 Ill. 243; *Chicago, B. & N. R. Co. v. Bowman,* 122 id. 595; *Snow v. Starr,* 75 Tex. 411; *Everett v. U. P. R. Co.* 59 Iowa, 243; *McConnell v. Osage,* 80 id. 293; *Reynolds v. Port Jervis B. & S. Factory,* 32 Hun, 64; *Mergentheim v. State,* 107 Ind. 567; *Meier v. Morgan,* 82 Wis. 289. The courts of New York, Illinois, and Michigan hold squarely that the trial court cannot in any wise limit the number of witnesses on the chief issues. *Reynolds v. Port Jervis B. & S. Factory,* 32 Hun, 64; *White v. Hermann,* 51 Ill. 243; *Barhyte v. Summers,* 68 Mich. 341.

*T. F. Frawley,* for the respondent, argued, among other things, that a *nisi prius* court must be permitted to exercise a discretion as to the number of witnesses, the order and manner of their examination, in cases before it; else examinations and trials might be indefinitely prolonged. In the absence of a manifest abuse of such discretion, an appellate court ought not to interfere. Thompson, Trials, § 353; *Kesee v. C. & N. W. R. Co.* 30 Iowa, 78; *Bays v. Herring,* 51 id. 286; *Preston v. Cedar Rapids,* 63 N. W. Rep. 577; *Meier v. Morgan,* 82 Wis. 289.

PINNEY, J. 1. We have examined the evidence, and are of the opinion that it was sufficient to sustain the verdict. The principal point made against it in this regard is that the testimony of the three witnesses on the part of the plaintiff as to the length of time the highway had been in an unsafe condition, prior to the happening of the accident, found by the jury to have been three weeks, was incredible. There was no objection to the competency of the witnesses, and

Larson vs. The City of Eau Claire.

we think there was no inherent improbability in their statements. The credibility of their testimony was solely a question for the jury. It is urged that the verdict ought to have been in accordance with the preponderance of the evidence, but that it was against it. The circuit court was satisfied with the verdict. Error cannot, in general, be assigned on this ground, there being evidence sufficient to sustain the verdict. The remedy against a verdict, on the ground that it is against the preponderance of evidence, is by motion for a new trial, which is addressed to the discretion of the court, with the exercise of which this court will not interfere, except in cases where it is quite clear that such discretion has been abused. No such ground appears in the present case. An abstract and review of the evidence would serve no useful purpose. The first, second, and fifth assignments of error are not well taken.

2. Whatever question may have existed as to the admissibility of the testimony of Keefe as to the size of the rut and its condition when he saw it two days after the accident, when the coal ashes had been dug out, was substantially removed by the testimony of the defendant's witness Pierce, who put the ashes in the rut. When taken in connection with the evidence given by him and numerous witnesses, and in view of the fact that there had been no important change in the condition of the rut, as the evidence tended to show that the coal ashes, only, had been dug out of it, it cannot be said that error intervened on this point, prejudicial to the defendant.

3. The propriety of the ruling limiting the number of witnesses the defendant might examine as to the condition of the highway, which resulted in the exclusion of the testimony of Riley on that point, though not made until he was called, is not an open question in this court. A reasonable limitation of the number of witnesses upon a single question is within the discretion of the trial court. *Meier v. Morgan,*

82 Wis. 289; *McConnell v. Osage*, 80 Iowa, 296; *Bays v. Herring*, 51 Iowa, 286; Thompson, Trials, § 353. It is the better practice, no doubt, to impose the limitation at the commencement of the trial, or as soon as the necessity for it is reasonably apparent. In the present case the defendant had examined nine witnesses, a greater number than the plaintiff, on the point in question. It cannot be admitted that, as a matter of right, the defendant might continue indefinitely to call and examine witnesses in respect to it. Perhaps a hundred or more might have been found competent to testify on the subject. It would be highly absurd to hold that the court was bound to sit and hear the testimony of witnesses on this point, without limit of number. Certainly the court must possess a discretion to limit the party to a reasonable number. Whatever may have been held elsewhere on the subject, we see no good reason for changing the rule already established in this state. There is nothing to show any abuse of discretion on the part of the court. The defendant had certainly examined a reasonable number when the court made its ruling. The remaining assignments of error are therefore untenable.

*By the Court.*—The judgment of the circuit court is affirmed.

