JOHN RICH v. A. E. MOORE, Appellant.

**Instructions:** MISTAKE IN REFERRING TO PARTY. An instruction in a suit against a physician for negligence, that, "to render defendant liable, there must not only have been negligence, on his part in some manner as charged, without contributory negligence of plaintiff or others caring for him, but such negligence of *plaintiff,* if shown, must have been the proximate cause of the injury," is reversible error, though the word "plaintiff" in the latter part was evidently inadvertently used.

ON EARNING CAPACITY: *Harmless error.* Plaintiff, a farm hand, was compelled to have his fingers amputated. Defendant, a physician, performed the operation. Afterwards he refused to further attend him, and amputation of the arm became neces-

sary. Plaintiff sued defendant for negligence. Proof was given, over defendant's objection, of what plaintiff earned before and after the loss of his arm. Defendant contended that proof should be confined to the loss of his earning capacity after the removal of his fingers. which operation was conceded to be necessary. *Held*, not to be reversible error, where the jury's verdict showed that due consideration was given to such difference in physical perfection.

REVIEW ON APPEAL. Where an instruction inadvertently used the word "plaintiff" for "defendant" though other instructions gave the correct rule, the court, on appeal, cannot say that there was no prejudicial error; the record, thus, containing conflicting instructions.

*Appeal from Henry District Court.*—HON. W. S. WITH-ROW, Judge.

FRIDAY, MAY 17, 1901.

THE plaintiff's right hand was so severely injured in a feed-grinding mill as to make amputation of the fingers necessary. The operation was performed by the defendant and another physician called by him. Thereafter, for some five or six days, the case was treated by the defendant, when another physician was called by the plaintiff; and the defendant, refusing to consult or act with him, surrendered the case. Some eighteen days after the injury it was deemed necessary to amputate plaintiff's arm above the elbow, which was done. This action is to recover damages for the loss of the arm, which is claimed to have been caused by the defendant's negligence. There was a trial to a jury, and a verdict and a judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Henry M. Eicher* and *Babb & Babb* for appellant.

*Palmer & Kopp* for appellee.

SHERWIN, J.—The following is a part of one of the instructions given by the court: "To render the defendant li-

able, there must not only have been negligence on his part in some manner as charged, without contributory negligence of plaintiff or others caring for him, but such negligence of plaintiff, if shown, must have been the proximate cause of the injury." It is quite obvious to us that the court intended to say that "such negligence of defendant, if shown, must have been the proximate cause of the injury," and that the term "plaintiff" was inadvertently used. As the instruction reads, it is erroneous, as, under the well-settled doctrine, any negligence of the plaintiff contributing to the injury complained of would defeat his recovery. *Sherman v. Stage Co.,* 24 Iowa, 515. It is contended, however, that the language used was not misleading or prejudicial, when read with the other instructions on that particular branch of the case. If we could say from the record that the jury read the word "plaintiff" as meaning the "defendant," then there would be no difficulty in reaching the conclusion contended for. But we cannot do so. The other instructions on the subject gave the correct rule, it is true; but the instruction complained of was so worded that the jury may have construed it to mean the "plaintiff," instead of the "defendant," and, if it did place such construction upon the word used, we cannot say that it was error without prejudice, because we would then have contradictory instructions on the same legal question, and this must be regarded as prejudicial error. *Neville v. Railway Co.,* 79 Iowa, 232.

The plaintiff was permitted to prove, over the defendant's objection, what he had earned per year, before his arm was taken off, and what he had earned since. This is assigned as error, on the ground that an amputation of the fingers of the right hand is conceded to have been necessary, and the difference in his earning capacity should be confined to his condition after his fingers were removed, instead of as a sound man. It is not always possible to pro-

duce evidence which shall meet exact conditions. The plaintiff was a farmer and a farm hand. Whether he might have produced evidence tending to show what a man with the fingers of one hand gone might have earned at that work, we do not know; but men so afflicted are not common, and we think the verdict returned shows that the jury gave due considerence to this difference in physical perfection.

Several other assignments of error are discussed, but none of them are of sufficient importance to require specific mention, except the claim that the verdict is not supported by the evidence. Without discussing the evidence in detail, we think the verdict receives such support on all material issues that we should not disturb it. For error in the instruction heretofore referred to, the case is REVERSED.