W. W. ATKINS, Appellant, v. NELSON ELLIS AND WIFE, Appellees.

Instruction: INADVERTENT USE OF "DEFENDANT:" PREJUDICIAL ERROR. In an instruction, the court inadvertently used the word "defendant" when "plaintiff" should have been used. In this case held to constitute prejudicial error.

*Appeal from Van Buren District Court.*—HON. ROBERT SLOAN, Judge.

WEDNESDAY, OCTOBER 15, 1902.

THE opinion states the case.—*Reversed.*

*Wherry & Walker* for appellant.

No appearance for appellee.

WEAVER, J. — The plaintiff, a practicing physician, began an action at law against the defendants for professional services rendered the husband, the itemized bill of

which aggregates about $130.   The defendants, answering,
deny the alleged indebtedness, and by way of counterclaim
allege that plaintiff was called to treat the husband for a
broken leg, and that he performed the service in such neg-
ligent manner that the injury was not properly healed, and
said defendant was thereby permanently crippled.   Issue
was taken upon the counterclaim, and trial was had to a
jury.   There was a verdict for the defendants of $125, but, the
jury having been instructed that defendants' counterclaim
was barred by the statute of limitations except as a set-off
to the plaintiff's claim for services, and that no damages·
could, in any event, be found in excess of the amount due
the plaintiff, the court treated the verdict as a general
verdict for the defendants, and entered judgment thereon
against plaintiff for costs.   The appellant assigns numer-
ous errors, but it will be necessary for us to consider only
the exception to the seventeenth paragraph of the instruc-
tions to the jury.   That paragraph is as follows: "(17) If
you find that plaintiff is liable to defendant on defendant's
counterclaim, then you will inquire and determine the ex-
tent and character of the injury resulting from the defend-
ant's negligence over and above what would have resulted
from the injury, if any, had it been properly treated, and
the extent thereof; and whether or not the same is per-
manent, or only temporary; the effect upon his ability to
get about and engage in his business and transact it, and
to labor; and give such damages therefor as, in your judg-
ment, will be a just and fair compensation therefor; and
in determining the same it is proper to consider any men-
tal and physical suffering, if any, caused by plaintiff's
negligence, if any you find."   The court doubtless intended
to direct the jury to "inquire and determine the extent
and character of the injury resulting from the plaintiff's
negligence," but by inadvertence used the words "defend-
ant's negligence" instead.   In many cases this slip of the
pen would be error without prejudice.   *Flam v. Lee*,

116 Iowa, 289. But this case involves a consideration of defendant's negligence as well as plaintiff's negligence, and an inadvertent interchange of the phrases may easily constitute a serious misstatement of the law. This precise question was before us in the late case of *Rich v. Moore*, 114 Iowa, 80, which, like the case at bar, involved a claim against a physician for malpractice. The instruction there under review was in terms very much like the one complained of in this case, and we said that, while it was "quite obvious to us that the court intended to say, 'Such negligence of the defendant, if shown, must have been the proximate cause of the injury,' and that the word 'plaintiff' was inadvertently used, yet we could not presume that the mistake was apparent to the jury, or that the jury did not interpret the instruction literally as written, and thus, in effect, apply the rule of comparative negligence, which is not recognized in this state. *Sherman v. Stage Co.*, 24 Iowa 515." The precedent cited is controlling, and the error in the instruction as given must be considered as prejudicial.

Other exceptions urged to the rulings and charge of the court, we think, are not well taken. For the reason above stated, there must be a new trial.

The judgment of the district court is REVERSED.