WESTERN UNION TELEGRAPH COMPANY v. MRS. FANNIE SHAW ET AL.

Decided November 4, 1903.

**1.—Jurisdiction—Nonresident Parties.**

The courts of Texas have jurisdiction over an action by a nonresident against a corporation of another State doing business in Texas, though the action be not one in rem.

**2.—Telegram—Damages for Mental Suffering—Interstate Law.**

A nonresident plaintiff may recover against a telegraph company, in the courts of Texas, damages for mental suffering caused by delay in delivering a telegram, though addressed to plaintiff at a place, beyond the limits of the State, where such damages were not recoverable by the local law.

**3.—Pleading—Variance—Telegram.**

Plaintiff having declared for damages by delay in delivering a telegram addressed to her at "Chickasha," I. T., there was no variance in introducing a message addressed to "Chickash," and transmitted to the Chickasha office in time for due delivery.

**4.—Jury.**

No error to defendant's prejudice was shown by the fact that the jury took with them, in retiring to deliberate, a copy of the message for delay in delivery of which it was sued.

**5.—Telegraph—Delay.**

Evidence held to support a finding of inexcusable delay in delivering a telegram.

**6.—Telegraph Company—Rules for Closing Office—Charge.**

The question of negligence in delivery of a telegram is not controlled by the company's rules as to hours of closing its office, where there was evidence of a special undertaking to deliver outside such office hours.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

Mrs. Shaw, joined by her husband, sued the telegraph company and had judgment, from which defendant appeals.

*Clark & Bolinger* and *J. A. Kibler,* for appellant.

*John B. Durrett,* for appellees.

FISHER, CHIEF JUSTICE.—This was an action for mental pain and anguish, alleged to have been suffered by the appellee, Mrs. Fannie Shaw, by reason of the delay of a message sent from Belton, Texas, to her at Chickasha, I. T., a copy of which is as follows: "Belton, Texas, April 3, 1902.—To Mrs. Fannie Shaw, Chickasha, I. T.: Grandma is seriously ill. Come if you can. (Signed) Arthur Jacobs."

Appellees alleged that said message was delivered to the defendant at Belton at 7 p. m. April 3, 1902, and that if defendant had used diligence and ordinary care in its transmission and delivery, Mrs. Fannie Shaw would have received the same before 9 o'clock p. m. on said date, and that under no circumstances should the delivery of said message been delayed later than 9 a. m. on April 4th; but that in truth and in fact said message was not delivered to her until 5 p. m. on said April

4th; that if said message had been delivered at or before 9 p. m. on April 3d, she would have taken a train which left Chickasha for Belton at about 1 a. m. on the morning of April 4th, and would have arrived at Belton at about 4 p. m. on the same day; or if said message had been delivered to her at any time during the forenoon of April 4th, she would have taken a train which left Chickasha for Belton at 1:45 p. m. on said date and would have arrived at Belton at about 4 a. m. on April 5th; but that on account of said delay she could not and did not arrive at Belton until 4 a. m. on the morning of April 6th.

Appellees also alleged that "Grandma" referred to in said message was her mother; that her name was Mrs. Saphronia Turner; that she died at 7:20 p. m April 5th, more than seven hours before appellee Mrs. Fannie Shaw arrived at Belton.

Plaintiff's petition also contained the usual allegations of notice of the importance of said message and the consequent mental pain and anguish resulting to Mrs. Shaw from the delay, alleging damages in the sum of $1950.

Appellant, as defendant below, answered by general demurrer, general denial, and special answer, as follows:

(1)   That it had never received for transmission the message described in plaintiff's petition.

(2)   That if it did receive such message for transmission, the same was delivered by defendant and received by plaintiff Mrs. Fannie Shaw in ample time for her to have arrived at Belton by due course of train anterior to the death of her mother, and further, that if she did not arrive at Belton in time to see her mother before her death, such nonarrival was due entirely to her own negligence, and not to this defendant.

(3)   That if defendant ever received any such message for transmission, as alleged by plaintiffs, the same was to be transmitted from a point in the State of Texas to a point in the Indian Territory, and the same therefore became and was an interstate message, and was not governed by the laws of the State of Texas, but by the laws of the Indian Territory, which were governed by the laws of the State of Arkansas, and that by an act of Congress and the decisions of the courts of the Indian Territory, no recovery can be had for mental anguish or suffering for mere breach of contract, unaccompanied with any physical injury or damage.   That therefore the rights of the parties to the contract for the transmission of said message were governed by the laws of the Indian Territory, and the plaintiffs could not recover in this action for the mental pain and anguish alleged.

(4)   That defendant at and for a long time prior to the receipt of the message in question had, under its reasonable rules and regulations, established office hours, to wit, from 8 a. m. to 8 p. m., for the conduct of its business at its Chickasha office, and although it used the utmost care and diligence in the transmission of such message after its receipt at Belton at 7:30 p. m. on April 3d, before 8 p. m. on said date, the

hour at which its office closed. That after the receipt of said message at its Chickasha office, although it used the utmost diligence, it was unable to effect a delivery of said message until 3:45 p. m. on April 4, 1902.

A trial of the cause on February 25, 1903, before a jury, resulted in a verdict and judgment in favor of the plaintiffs for the sum of $1325.

There is a further allegation in defendant's answer as follows: "Defendant further shows, that, after the receipt of said message at its Chickasha office, on, to wit, the morning of April 4, 1902, although it used the utmost diligence, it was unable to effect a delivery of said message until about 3:45 p. m. of said date, when the same was delivered."

We find that the message described in the plaintiff's petition was received by the agent of appellant at Belton at the time alleged, under a contract that the same would be forwarded and promptly delivered at Chickasha, I. T.; that the message was received at the Chickasha office on the morning of April 4th, but was not delivered to the appellee until about 5 o'clock in the evening of that day, and that proper diligence was not exercised in order to deliver the same to her; and, if diligence had been exercised, delivery could have been made in time for the appellee to have taken the train and reached the bedside of her mother before her death, and that the failure of appellant in the respect as pointed out was negligence which was the proximate cause of the mental anguish suffered by the plaintiff, and the cause of her failure to reach the bedside of her mother before her death. If the message had been delivered on the morning of the 4th, or within a reasonable time after it was received at the Chickasha office, the plaintiff would have been enabled to board the train leaving Chickasha for Belton at 1:45 p. m., April 4th, or another train leaving Chickasha at 1 o'clock a. m., April 5th, passage on either of which would have put her in Belton in time to have reached the bedside of her mother before her death. By reason of her condition and the preparations she was required to make for the journey, she was not enabled to take the last mentioned train, but was required to delay her departure from Chickasha to the 1:45 p. m. train of April 5th; and we find in this connection, that the facts and circumstances testified to by Mrs. Shaw authorized the verdict of the jury on the issue that she was not guilty of negligence in failing to take passage upon the first train that left after she received the message. We also find that there is evidence in the record authorizing the amount of damages found by the verdict of the jury.

The point raised in appellant's first assignment of error was passed upon by this court in the case of N. Y. Mutual Insurance Co. v. Nichols, 24 S. W. Rep., 911, and it was there held that the courts of this State had jurisdiction of a cause of action in favor of a nonresident plaintiff against a corporation doing business here in Texas, although the proceeding is not one in rem.

The question raised in appellant's third and fourth assignments of

error was decided against its contention by the Supreme Court of this State in the case of Telegraph Co. v. Walker, 74 S. .W. Rep., 751.

There is no merit in appellant's second assignment of error. There was no variance calculated to mislead. On the contrary, the evidence clearly shows that the message sent for transmission was received by the Chickasha office in time to have been delivered, and the message described in the petition is clearly identified by the testimony of the agents of appellant.

Appellant's fifth assignment of error complains that the court erred in overruling its motion for a new trial because the jury, without the appellant's knowledge and consent, in retiring to deliberate upon their verdict, carried with them a copy of the message. It does not appear that the jury read this message or considered it whatever, after retiring to deliberate upon their verdict. Consequently, it would be mere guess work to say that they were influenced by anything appearing upon the face of this paper; but, however, if they had read the paper, it is difficult to perceive how the knowledge obtained from anything contained in it could have influenced them in reaching the verdict they returned, because it is clear from the evidence that the message in question was received at the Chickasha office on the morning of April 4th, and if from that time diligence had been used to promptly deliver it, Mrs. Shaw would have been enabled to take a train and reach the bedside of her mother before her death; and it is clear from the evidence that from the time that the message was received the appellant was guilty of an unreasonable delay and negligence in failing to promptly deliver the same.

What we have stated in our findings of fact, in effect, disposes of the question raised in appellant's sixth assignment of error. Our findings also dispose of the question raised in the seventh and eighth assignments of error.

The charge of the court, as complained of in the ninth assignment of error, was correct. It is true that a message ordinarily sent is governed by the reasonable rules made by the telegraph company, but in this case, there is some evidence to the effect of an agreement that this message should be sent and delivered the night it was received. This is shown by the testimony of the witness Arthur Jacobs; and, in view of this evidence, it was a question of fact for the jury to determine whether the ordinary rule as to the closing of the office during the night should apply and govern in this instance.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.