CALVIN MARKLEY, Appellee, v. WESTERN UNION TELE-
GRAPH Co., Appellant.

**Pleadings:**   AMENDMENT: DELAY IN FILING SAME.   Where an amendment to a pleading is filed on the day of trial and without leave of court, and with no excuse for long delay in filing the same, the court in its discretion may strike the amendment from the files.

**Telegraphs:**   NEGLIGENT DELAY: DAMAGES: WHAT LAW GOVERNS.   The duty of a telegraph company in the transmission of messages is of a public nature growing out of contract, and as a rule the measure of damages is determined by the law of the forum or the place where the contract is made.   So that where a message was sent from this to a foreign state damages for negligent delay in delivery are governed by the law of this state.

**Parol evidence:**   ADMISSIBILITY.   Where no attempt is made to produce a writing or to account for its absence parol evidence of its contents is inadmissible.

**Telegraphs:**   DAMAGES: EVIDENCE.   Where the plaintiff testified in chief concerning his suffering, due to a failure to promptly deliver a message announcing the death of his mother, his cross-examination concerning the receipt of letters from her or those about her during her illness should have been permitted.

Same: DELIVERY: NEGLIGENT DELAY: EVIDENCE: INSTRUCTION. Where a message was not addressed to the plaintiff in his correct name and there was evidence of unsuccessful attempts to deliver the same to the addressee, the court should have instructed the jury that if defendant did not know or have reason to believe that the message delivered to its agent for transmission was intended for plaintiff failure to deliver the same was not in itself evidence of negligence.

Same: INSTRUCTIONS: ERRONEOUS PRESENTATION OF ISSUES. Where the issue as in this case was not a question of contributory negligence on the part of the sender of the message, but the negligence of defendant's agent at the place of delivery, an instruction that if the sender gave an incorrect or insufficient address he was guilty of contributory negligence, and if the jury found that such negligence contributed to the failure of the agent to promptly deliver the message then plaintiff could not recover was erroneous because not a presentation of the issue, notwithstanding an inadvertent use of the word "plaintiff" for "defendant" in one clause of the instruction.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

WEDNESDAY, JULY 5, 1911.

ACTION at law to recover damages ·for failure to deliver a death message. Trial to a jury, verdict and judgment for plaintiff in the sum of $745, and defendant appeals.—*Reversed.*

*Lee & Robb, George H. Fearons,* and *Miller & Wallingford,* for appellant.

*Geo. W. Bowen* and *J. B. McCrary,* for appellee.

DEEMER, J.—This is the second time the case has been before us. The opinion on the first appeal will be found in 144 Iowa, 105. The facts are quite fully recited in that opinion and need not be repeated in full. Plaintiff's true name is Calvin Markley, but the message, when it reached

defendant's agent at Plattsmouth, Neb., was addressed to "Carroll Markley." The message was delivered, or rather telephoned, to defendant's agent at Glidden, Iowa, by plaintiff's brother, S. Markley, and as written by this agent read as follows: "Glidden, Iowa, 12-28-1906. Carroll Markley, Plattsmouth, Nebraska—Mother not expected to live until morning. Come at once. S. Markley." It was received about 9:30 p. m. at Glidden, and almost immediately transmitted to Plattsmouth, Neb., reaching the defendant's operator at the latter place about 10:02 p. m. of the same day. It was not actually delivered to plaintiff until the morning of December 31. Plaintiff claims that the error in the address was due to the negligence and carelessness of defendant's agent at Glidden, and also says that although the message was misdirected, defendant's agent at Plattsmouth, Neb., knew, or should have known, that the message was intended for plaintiff, and that he negligently failed to make delivery thereof, causing plaintiff much mental anguish because not able to reach his mother's bedside before she died, although he was able to attend her funeral.

This appeal presents many questions, few, if any of which, were considered upon the former appeal. Before the first appeal, defendant had pleaded in defense that plaintiff's cause of action, if he had any, arose in Nebraska; that under the laws of that state there could be no recovery of damages for mental anguish in such cases as this; and that under such a state of facts there could be no recovery in this state. To this part of the answer plaintiff demurred, and his demurrer was sustained. Defendant elected to stand on this part of its answer, and it was thus determined that this part constituted no defense. As defendant was successful on the first trial, it did not appeal from the ruling on the demurrer. After the case went back to the district court, and on the day of trial, defendant filed an amendment to

1. PLEADINGS: amendment: delay in filing same,

its substituted answer, in which it repleaded the same defense. Plaintiff moved to strike this amendment, because the matter was already adjudicated, and for the further reason that it was filed without leave of court, that it was not filed until the day of trial, and that plaintiff was not prepared to meet the issue tendered thereby. This motion was sustained; one of the grounds for such ruling was that the amendment was filed too late. Without going into the vexed question of conflict of laws, it is sufficient to say that the ruling of the trial court will be sustained on the theory that the amendment was filed too late. Defendant delayed the filing thereof, without excuse, for many months, and did not interpose the defense until the day the case was set for trial. Such rulings are largely within the descretion of the trial court, and we do not see any abuse of that discretion here.

But, however this may be, the great weight of authority seems to sustain the proposition that under the facts disclosed by this record the matter relied upon by defendant constitutes no defense. See *Bryan v. Western U. Co.,* 133 N. C. 603 (45 S. E. 938); *Western U. Co. v. Shaw,* 33 Tex. Civ. App. 395 (77 S. W. 433), and annotations to *Howard v. Western U. T. Co.,* 119 Ky. 625 (84 S. W. 764, 86 S. W. 982), 7 Am. & Eng. Ann. Cases, 1065. No matter whether the action be *ex delicto* or *ex contractu,* the duty owed by the defendant was a public one growing out of contract, and the measure of damages as a rule is governed by the law of the forum, or the *lex loci contractu.* There is, as we are well aware, a conflict in the authorities upon this proposition. But the great weight seems to favor the rule we have announced. The question would be much more difficult, if the action were brought in a state allowing such recovery, upon a contract made in a state where no such recovery is permitted. As further sustaining the views expressed, see *Western U. Co.*

2. Telegraphs: negligent delay: damages: what law governs.

*v. Young* (Tex. Civ. App.) 133 S. W. 513; *Western U. Co. v. Parsley* (Tex. Civ. App.) 121 S. W. 226; *Western U. Co. v. Douglass* (Tex.) 133 S. W. 877; *Western U. Co. v. Hill,* 163 Ala. 18 (50 South. 248, 23 L. R. A. (N. S.) 648). There was no error in the ruling.

II.   Plaintiff was permitted, over defendant's objections to give the contents of a letter written him by a brother. No attempt was made to produce the letter, or to account for it in any manner. That the letter itself was the best evidence is too clear for argument.

3. PAROL EVI-
DENCE: ad-
missibility.

III.   Plaintiff, after testifying in chief regarding his great suffering due to the defendant's failure to deliver the message, was asked on cross-examination regarding his knowledge of his mother's condition, and about how often he received letters from her, or from those about her during her illness. The trial court sustained objections to this line of examination, and in this we think there was error prejudicial to defendant.

4. TELEGRAPHS:
damages:
evidence.

IV.   Defendant asked that the following instruction be given to the jury: "(2)   If the defendant company did not know or have reason to believe that the message delivered to its agent at Glidden, Iowa, for transmission was intended for Calvin Markley, its failure to deliver the same to Calvin Markley is no evidence of negligence." This, or something like it, should have been given. Under the testimony the message which the operator received at Glidden was addressed to Carroll Markley, and in this form it reached Plattsmouth. Attempt was made to deliver it to a person of that name, but without success, and it was finally delivered to plaintiff after many inquiries had been made for a Markley for whom the message was intended. No negligence on the part of the operator at Glidden is shown, and it is by the barest inference that there is any

5. SAME: delivery:
negligent de-
lay: evidence:
instruction.

showing of any mistake on the part of this operator. Had there been such evidence, an instruction should have been given covering this point. If the message given him was sent according to the address so given, the defendant did its full duty, for it was not responsible for the mistakes of the sender, who telephoned the message to the operator. There is no testimony whatever that the operator knew that the message was intended for Calvin Markley. The case was really submitted on the theory that, notwithstanding the error in the name of the addressee, the agent of Plattsmouth was negligent in not delivering the same to plaintiff. But in so doing the court in its instructions virtually assumed that the message was addressed to the plaintiff. The only instruction relating to this proposition reads as follows:

"(9) If you find from the evidence that S. Markley, who delivered the message in question to the defendant company for transmission, gave to the defendant an incorrect

6. SAME: instructions: erroneous presentation of issues.

or insufficient address, then in so doing he was guilty of negligence; and, if you further find that such negligence, if any, contributed to cause the failure to deliver the message to the plaintiff, then the plaintiff can not recover, even though the plaintiff may have also been negligent." Doubtless the court intended to use the word "defendant" in place of the word "plaintiff" where the latter word last appears. But we are not sure that the jury so understood it. There was a question regarding plaintiff's conduct in failing to make inquiries for messages, and in failing to leave his address with the agent of the defendant company, and the jury may have entirely misapprehended the scope of the instruction. Moreover it was not a question of contributory negligence on the part of the person telephoning the message to the defendant's operator at Glidden, but, under the pleadings and evidence, a question of the negligence of defendant's agents at Plattsmouth, Neb. The real

issues were not squarely presented to the jury, and it must have been difficult for the jury to know just what it had to decide. That instruction No. 9 was erroneous, see *Rich v. Moore,* 114 Iowa, 80.

Defendant claimed that, without negligence on its part, it transmitted the message delivered to it, and that after its receipt at Plattsmouth it made every reasonable effort to deliver the same. Plaintiff's case under the facts, if he had any, depended upon what defendant's agents at Plattsmouth did in attempting to deliver the telegram. This was the real question which should have been submitted to the· jury. As that was not done, and as the instructions either assumed that the message was addressed to plaintiff, or that the operator at Glidden was negligent, the jury were left in the dark as to the real issue in the case. The testimony as to negligence of the agents at Plattsmouth is very meager; but we think there was enough to take the case to a jury. Whether enough to justify a verdict, we shall not now say.

For errors pointed out, the judgment must be, and it is, *reversed.*