C. W. ELSON, Administrator of Estate of FLORA B. SALLMAN, Appellant, v. COYNA NICKLES, Appellee.

No. 47386.

(Reported in 36 N. W. 2d 343)

MARCH 8, 1949.

C. W. Elson, of Corydon, Charles L. Elson, of Leon, and W. B. Hays, of Centerville, for appellant.

R. E. Killmar, of Osceola, and Elton A. Johnston, of Corydon, for appellee.

HALE, J.—This is an action at law by C. W. Elson, administrator of the estate of Flora B. Sallman, deceased; the

petition being in two counts. Count one was for $732.28 being one half of the amount paid by plaintiff on the promissory note to Ricka Rasmussen, signed by George T. Nickles as principal, and Coyna Nickles, his wife, and Flora B. Sallman as sureties. Count two was for $917.50 being one half of the amount paid by plaintiff on a promissory note to T. W. Miles, signed by George T. Nickles as principal, and Coyna Nickles and Flora B. Sallman as sureties.

The defendant answered, denying that she was surety for one half of the principal as alleged in petition. She alleged that she was surety only for the payment of interest on the notes during the lifetime of Flora B. Sallman. She filed a counterclaim as a setoff, being a claim for services rendered Flora B. Sallman in her lifetime. Plaintiff filed a reply denying the allegation of defendant that she was surety only on the interest during the lifetime of Flora B. Sallman.

Flora B. Sallman was the aunt of the defendant, Coyna Nickles, who was the wife of George T. Nickles, and a widow from 1926 up to the time of her death. For four or five years Mrs. Nickles made her home with her aunt during the time she was attending school and up to the time of her marriage to George T. Nickles in 1921. A sister Lucille also made her home with the aunt up to the time of her marriage to one Littell. All were residents of Corydon.

A petition was filed August 18, 1945. There was a mass of pleadings, counterpleadings and orders of the court, and listed by defendant, extending to June 14, 1948. So many, in fact, that they tended to obscure the issues in the case. It is unnecessary to set out, to any extent, the most of these. There is really only one issue in this appeal. When Mrs. Nickles signed with Mrs. Sallman as surety on the two notes, was it intended that Mrs. Nickles was to be surety for the interest only, with Mrs. Sallman, during the lifetime of Mrs. Sallman?

The final order of the court is that the plaintiff's petition and cause of action, including both counts thereof, "be and are hereby dismissed with prejudice and at plaintiff's costs. It is further ordered and adjudged that all claims made by the defendant, against the plaintiff, by way of setoff or counter-

claim be and the same are hereby dismissed without prejudice to her right to assert the same as a setoff against the plaintiff in event of retrial of this action." From the rulings of the court, adverse to plaintiff, plaintiff appeals.

I. The plaintiff's first assignment of error is that the court erred in overruling the plaintiff's motion to strike from the files in this case the entire amendment to answer filed April 12, 1948, by the defendant, for the reason set out in said motion. This amendment to the answer referred only to the claim which defendant filed for services she sought to have established. These were met by objections and motions to strike, but the court in its final order and decree refused to allow the claim. Whether the court was right or wrong in permitting the filing of the amendment is not material now. Plaintiff has no cause of complaint.

It is the general rule that the permission to file amendments is largely within the discretion of the court. Rule 88, Rules of Civil Procedure; Brown v. Schmitz, 237 Iowa 418, 423, 22 N. W. 2d 340, and cases cited; Terpstra v. Schinkel, 235 Iowa 547, 17 N. W. 2d 106. To allow such an amendment as this is the rule, and to deny it is the exception. Webber v. Larimer Hardware Co., 234 Iowa 1381, 1389, 15 N. W. 2d 286, and cases cited; Green v. Phoenix Ins. Co., 218 Iowa 1131, 1143, 253 N. W. 36.

Plaintiff cites a number of authorities, some of which relate to the belated filing of the amendment, and others asserting what is a well-known rule that amendments are permissible only when they do not change the claim or defense. As, for instance, Dobson v. Clemens & Co., 194 Iowa 1155, 1159, 191 N. W. 184, which relates to withholding a known defense; Shawyer v. Chamberlain, 113 Iowa 742, 84 N. W. 661, 86 Am. St. Rep. 411, which reiterates the rule that an amendment is permissible only when it does not change the defense; Markley v. Western Union Tel. Co., 151 Iowa 612, 132 N. W. 37; Bays v. Herring, 51 Iowa 286, 1 N. W. 558. The record in the Bays case was incomplete but the ruling was sustained as being within the discretion of the court.

Various other cases cited by plaintiff refer to different circumstances and conditions and are not in conflict with

the general rule. However, the circumstances in this case sustain the court's ruling. The amendment was filed by way of counterclaim or offset before the trial was started, but we think the most serious objection to plaintiff's assignment of error is that it appears from the record that plaintiff was in no way prejudiced. The court failed to sustain the defendant's counterclaim. In its final ruling the counterclaim was dismissed, not without prejudice but without prejudice to its being urged as a defense in any subsequent retrial of the issues in this case. It is not available to the defendant as an independent cause of action so that the filing of the amendment did not prejudice the plaintiff as the plaintiff's own claims were not allowed by the court.

II. Plaintiff urges that the court erred in overruling his motion to strike from the files in this case the defendant's amendment to her answer filed May 26, 1948, to make her pleadings conform to the proof, because there was no proof to support said amendment to answer.

The amendment to answer was filed at the suggestion of the court in its oral ruling and consists of a denial; sets out an oral agreement between Flora B. Sallman and defendant; states that the agreement was that Flora B. Sallman did sign as surety for the payment of the principal amount of said obligation, and defendant signed as surety for the payment of the interest during the lifetime of Flora B. Sallman; and that it was further agreed that defendant should perform services for Flora B. Sallman, specifying such services including collection of Mrs. Sallman's rents and answering complaints of tenants, and the repair of Mrs. Sallman's real estate, and that the interest on the obligation was not in default; that Flora B. Sallman was not required to pay the principal part of said obligation during her lifetime; and that the principal should be paid from Mrs. Sallman's estate; that the Rasmussen note, dated July 5, 1943, was a renewal of a prior note and the contract between Mrs. Sallman and Mrs. Nickles was made at and before the time of the execution of the prior note.

The amendment sets out the performance of the obliga-

tions on the part of Mrs. Nickles; that the interest was kept paid during Flora B. Sallman's lifetime. The same allegations are made in the amendment as to the note to Judge T. W. Miles. The objections to the filing of the amendment were overruled by the court, and also the motion to strike, which overruling the defendant assigns as error.

Plaintiff argues that an amendment to an answer which sets up a new or independent action or cause of defense is not allowed under our statute. It was not necessary to file an amendment to conform to proof for the reason that the pleadings, even after certain parts of the defendant's answer were struck out by the court, still left sufficient allegations to warrant the admission of testimony as to a contract and agreement. In the original ruling on plaintiff's motion to strike all of paragraph 5 of Division I of defendant's answer, said paragraph 5 was as follows: "She denies that the said note sued on in count two was signed by Coyna Nickles as surety as alleged in paragraph 2 of the petition and alleges that she was surety only on the interest during the lifetime of Flora B. Sallman." Of course the note itself was not sued on but only the amount of the note which plaintiff had paid, but the meaning is plain as indicated by the context.

This denial was an allegation of what she more specifically set out in Division II, but it was sufficient to authorize the introduction of testimony to support it. Paragraph 5 of Division I of the Answer was not specific, but a motion to strike having been overruled by the court, testimony could cover a large ground in support of the allegation therein and could comprehend practically all that was admitted by the court on trial. This being true, then plaintiff was not injured by the ruling of the court denying his right to strike the amendment, filed after trial to conform to proof. Throughout the trial evidence was admitted bearing on what was later alleged in the amendment, some without objection. Defendant's opening statement included the theory of defense and without objection that there was no issue of the kind. The action was upon an implied contract. 13 Am. Jur., Contribution, section 70. Plaintiff had the burden of proof and was required to support the

issue by evidence. Under her denial defendant had the right to show what the true agreement was. Gemricher v. Gemricher, 230 Iowa 1212, 300 N. W. 517.

The record shows that the plaintiff was given opportunity, and time was fixed for hearing, to present his resistance to the amendment, but refused to do so. The amendment to conform to proof was filed after the court had orally announced its decision, and while we think that even under the pleadings the issues permitted the introduction of evidence as to what the contract really was between the sureties, the filing of the amendment more specifically stated the issue in the case, and the case was tried upon that theory. Eller v. Loomis, 106 Iowa 276, 76 N. W. 686; Brown v. Schmitz, supra. Cases cited by plaintiff do not sustain his argument. The amendment was not filed too late, nor was there an unreasonable delay.

■ III. Plaintiff alleges that the court erred in holding that there was an understanding between the defendant, Coyna Nickles, and the decedent, Flora B. Sallman, that the interest was to be paid on the notes while she lived and that the principal was to be paid and discharged from the property of the estate, and in entering judgment dismissing the plaintiff's cause of action for contribution against the defendant and rendering judgment against plaintiff for costs, because the decision is not supported by either pleading or proof. We cannot agree that there was neither pleading nor proof. From reading the testimony we are convinced that there was some understanding as pleaded by the defendant. The payee of the first note, Mrs. Rasmussen, indicated in her testimony that there was such understanding, and the general effect of the testimony of Judge Miles, the payee of the second note, also indicated there was.

The testimony of Mrs. Rasmussen on cross-examination showed that her note was a renewal and showed that Mrs. Sallman had talked to her about the indebtedness during the time it was running; that Mrs. Sallman wanted to be sure to get the interest on the note paid and that she had told the witness that she expected the note to be paid out of her estate, and that Mrs. Sallman had also said that as long as Coyna

and her husband kept the interest paid during her lifetime that that was all that she expected them to do.

Judge Miles, also a witness during the examination, testified as to his conversation with Mrs. Sallman: that he had told Mrs. Sallman that in all probability she would have the note to pay and that Mrs. Sallman answered that did not make any difference, that was all right, that she did not want to be bothered about the payment of interest for the reason it took all of the income from her property, with the taxes and expenses, to keep her; that she did not want to be called upon to pay any interest and she pretty well understood that it was her intention that the note should be paid out of the estate; that it was unpaid when she died; that the Judge informed her that she would probably have to pay the note and she said: "That will be all right, that's what I expect to be done, that will be all right as long as I am not bothered about the interest because I am not in a position to pay interest the way my property is bringing in income." There was no demand on her to pay any interest and she never paid any interest.

Also, S. E. Gibbs, a friend of the family, testified to much the same conversation; that she had helped them borrow some money and that they had that, and it would be paid out of her estate after she was gone, and further, that "that was not all that she [Coyna] would get either."

Plaintiff argues that when two or more persons are sureties on the same instrument the presumption is that they are cosureties. Like most presumptions, however, this is subject to rebuttal. There was testimony to the contrary. Plaintiff further argues that to make one surety principal to another surety it must be shown that the latter became surety at his request and was bound to save the other harmless and protect the other against payment of any part of said debt. We think the evidence sufficiently so shows.

Plaintiff raises the question that the Rasmussen note was for the principal sum of $1350, and the evidence shows that the plaintiff paid $1454.56 on the said note. It must be remembered, however, that Mrs. Sallman died in 1944 and that the

payment to Mrs. Rasmussen by the administrator of the estate was not made until July 30, 1945, according to his petition.

IV. Plaintiff argues that the court erred in ordering that the defendant's claim against plaintiff be dismissed without prejudice to her right to assert the same as a setoff against the plaintiff in event of a retrial of this case, and in not ordering that the claims against the plaintiff be dismissed with prejudice because the defendant was given a legacy of greater value than any claim she might have against decedent.

In the first place we think that the plaintiff has no grounds of complaint against the ruling that defendant be given an opportunity to present her claims in the event of a retrial. In such event the plaintiff's claims could, of course, be asserted, and since there will be no retrial the dismissal of the case was without prejudice.

Other claims of error on the part of the defendant mostly apply to the court's ruling on the counterclaim. Since the decision of the court on the counterclaim was in plaintiff's favor he has no cause of complaint, and such claims need no further consideration.

We have considered carefully all the assignments of error alleged by the defendant. As we have heretofore suggested, many objections urged are as to questions of procedure and are technical in form. The evidence seems clear on the main fact and perhaps the only issue in this appeal, and we are fully satisfied that the terms of the transaction were as claimed by the defendant, and we hold that the district court was right in its ruling. The case is therefore affirmed.—Affirmed.

All JUSTICES concur.